**Evelyn HART, in her capacity as Administratrix of the Estate of James Ribera, Evelyn Hart p.p.a. Joshua Ribera, a minor; Richard Ribera, a minor; and Janell Ribera, individually, Plaintiffs,**

v.

**Nina MAZUR, M.D., James M. Lewis, P.A., and Newport Hospital, Defendants.**

**Civ. A. No. 95–109L.**

United States District Court, D. Rhode Island.

Nov. 6, 1995.

278

Amato A. DeLuca, Mandell, DeLuca & Schwartz, Providence, RI, for plaintiffs

Thomas D. Gidley, Gidley, Sarli & Marusak, Providence, RI, for deft. Newport Hospital.

William F. White, Tate & Elias, Providence, RI, for deft. Mazur.

## MEMORANDUM AND ORDER

LAGUEUX, Chief Judge.

The matter presently before the Court tests the rule that an action brought under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd (1988 & Supp. V 1993), is not the federal twin of a state medical malpractice suit. Defendants bring two separate, though similar, motions to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). Defendant Newport Hospital ("Hospital") argues that plaintiff Evelyn Hart (who brings this case in her capacity as administratrix of James Ribera's estate and on behalf of his minor children, Joshua, Richard, and Janell Ribera) has failed to state a claim under EMTALA by neglecting to allege any economic motive for the Hospital's actions. Dismissal of Hart's EMTALA claim would strip the Court of federal question jurisdiction under 28 U.S.C. § 1331. Defendants Nina Mazur, M.D. ("Mazur") and James M. Lewis, P.A. ("Lewis") join the Hospital in arguing that an allegation of economic discrimination is necessary to raise an EMTALA claim; furthermore, Mazur and Lewis argue that EMTALA does not provide a federal cause of action for health-care providers' alleged misdiagnoses of a medical condition, and that, as EMTALA only provides a cause of action against Newport Hospital, the Court should decline to exercise supplemental jurisdiction over the state-law claims brought against Mazur and Lewis.

The Court directs the parties to *Correa v. Hospital San Francisco,* 69 F.3d 1184, 1995 WL 627505 (1st Cir. (Puerto Rico) 1995), the first comprehensive review of EMTALA in this Circuit. As *Correa* resolves most of the questions raised by the defendants' motions, the Court will not tarry long on this matter. For the reasons set forth below, the defendants' motions are denied.

However, the Court will, of its own initiative, partially treat Mazur and Lewis's Rule 12(b)(1) motion as a motion under Fed. R.Civ.P. 12(b)(6), and dismiss Counts XXI–XXIV of Hart's Complaint [1], which bootstrap state law malpractice claims onto the EMTALA claims. The Court will also retain jurisdiction over all state-law malpractice claims pursuant to 28 U.S.C. § 1367, the federal supplemental jurisdiction statute.

## I. Background

■ For the purposes of deciding these motions, the Court must treat the allegations

---

1. Hart currently has a motion for leave to amend the Complaint pending before Magistrate Judge Timothy Boudewyns of this Court. As that matter has not yet been resolved, the original Complaint is the operative one, and the Court will rely on it for the purposes of this motion.

in Hart's Complaint as true. *Negron–Gaztambide v. Hernandez–Torres*, 35 F.3d 25, 27 (1st Cir.1994). On July 18, 1993, James Ribera, a commercial fisherman, entered the Emergency Department of Newport Hospital, seeking treatment for an injured hand.[2] He was seen by James Lewis, a physician's assistant, and released after an hour. Dr. Nina Mazur was the supervising physician responsible for the Emergency Department that day; as part of her duties, she oversaw Lewis's work.

Ribera returned to the Emergency Department three days later, on July 21, 1993. He was admitted to Newport Hospital; he later lapsed into a coma and died, on July 28, 1993, of staphyloccal septicemia and meningoencephalitis with brain hemorrhages.

Plaintiff Hart subsequently brought this action in this Court. Hart invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331 by alleging that Newport Hospital failed to provide Ribera with an appropriate screening as mandated by EMTALA, 42 U.S.C. § 1395dd, and/or transferred Ribera before his condition had stabilized, a second alleged violation of the statute. In addition, Hart brings a host of state-law medical malpractice claims against Newport Hospital, Mazur, and Lewis. The defendants' Rule 12(b)(1) motions attempt to rid the Court of subject matter jurisdiction over the case by contending that Hart has failed to state a cause of action under EMTALA.

After hearing oral argument on the motions, the Court took this matter under advisement. In the interim, the First Circuit handed down *Correa*, effectively deciding most of the issues raised by the parties. The defendants' motions are now in order for decision.

## II.  Standard of Review

■ Motions brought under Rule 12(b)(1) and Rule 12(b)(6) are subject to the same standard of review. *Negron–Gaztambide*, 35 F.3d at 27; *see also Benton v. United States*, 960 F.2d 19, 20 (5th Cir.1992) (*de novo* review of dismissals under Rules 12(b)(1) and 12(b)(6) under same standard). "We must accept the allegations of the complaint as true, and if, under any theory, the allegations are sufficient to state a cause of action in accordance with the law, we must deny the motion to dismiss." *Vartanian v. Monsanto Co.*, 14 F.3d 697, 700 (1st Cir.1994). The question before the Court, therefore, is whether the Complaint, viewed in the light most favorable to Hart and with all doubts resolved in her favor, states any valid claim for relief. 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (1990).

## III.  Analysis

### A.  EMTALA Does Not Require That Plaintiffs Allege an Economic Motive.

■ The Hospital's entire Rule 12(b)(1) motion, and the first argument raised by Mazur and Lewis in theirs, rests on the claim that Hart failed to state a cause of action under EMTALA by neglecting to ascribe the Hospital's actions to some economic motive. No such allegation is required under EMTALA.

In *Correa*, the First Circuit stated:

To establish an EMTALA violation, a plaintiff must show that (1) the hospital is a participating hospital, covered by EMTALA, that operates an emergency department (or an equivalent treatment facility); (2) the patient arrived at the facility seeking treatment; and (3) the hospital either (a) did not afford the patient an appropriate screening in order to determine if she had an emergency medical condition, or (b) bade farewell to the patient (whether by turning her away, discharging her, or improvidently transferring her) without first stabilizing the emergency medical condition.

69 F.3d at 1190 (citations omitted). Hart's Complaint is a model of pleading under the

---

**2.** The exact nature of the injury is in dispute. Hart alleges that Ribera "had been stuck with a fish bone in his left hand," Plaintiff's Memorandum in Support of Objection to Defendants' Motion to Dismiss at 2, while Mazur and Lewis allege that Ribera "injured his wrist when it was hit by a 300 lb. lobster trap[.]" Defendants' Memorandum in Support of Motion to Dismiss at 2.

statute. She has alleged that Newport Hospital operated an Emergency Department[3], Complaint at 2, that Ribera presented himself for treatment in the department, *id.* at 3, and that Newport Hospital either did not afford him an appropriate screening as required by EMTALA or that Ribera was discharged before his emergency medical condition was stabilized. *Id.* Thus Hart has pleaded a prima facie claim under the statute.

The First Circuit also addressed the issue of whether economic discrimination plays any role in the statute. The Court stated:

> Every court of appeals that has considered this issue has concluded that a desire to shirk the burden of uncompensated care is not a necessary element of a cause of action under EMTALA. We think that these cases are correctly decided, and that EMTALA does not impose a motive requirement.... We hold, therefore, that EMTALA, by its terms, covers all patients who come to a hospital's emergency department, and requires that they be appropriately screened, regardless of insurance status or ability to pay.

69 F.3d at 1193 (citations omitted). Thus Hart need not have alleged any economic motive for the Hospital's alleged maltreatment of Ribera.

As Hart has successfully pleaded a cause of action under EMTALA, the Court has subject matter jurisdiction over her claim pursuant to 28 U.S.C. § 1331. The defendants' Rule 12(b)(1) motions are therefore denied.

## B. Whether EMTALA Covers Misdiagnoses

■ The Court's decision to deny both motions under Rule 12(b)(1) does not mean, however, that the defendants' arguments are entirely without merit. Mazur and Lewis's second argument questions whether health care providers' alleged misdiagnoses of a medical condition are actionable under EM-

TALA. The question is immediately relevant: In Counts XXI to XXIV of the Complaint, Hart uses EMTALA to bring additional malpractice claims. Counts XXI–XXII allege that the Newport Hospital failed to obtain informed consent under EMTALA, and Counts XXIII–XXIV attack the Hospital's alleged malpractice under EMTALA. All four counts are born of a shotgun marriage between EMTALA and traditional, common-law medical negligence doctrines.

If Hart had brought no other claims, then Mazur and Lewis would be correct in opposing Counts XXI to XXIV under Rule 12(b)(1). However, as Hart has sufficiently alleged a cause of action under EMTALA elsewhere, dismissal of these four counts will not strip the Court of jurisdiction. Nevertheless, Mazur and Lewis's argument has merit, and the Court will treat it as if brought under Rule 12(b)(6).

Again, the Court turns to *Correa*:

> EMTALA does not create a cause of action for medical malpractice. Therefore, a refusal to follow regular screening procedures in a particular instance contravenes the statute, but faulty screening, in a particular case, as opposed to disparate screening or refusing to screen at all, does not contravene the statute.

69 F.3d at 1192 (citations omitted). The Court reads *Correa* as forbidding any attempt to bring state malpractice claims— including those arising out of misdiagnoses by health care providers—under EMTALA. Congress did not intend to expose defendant hospitals to attack along a new flank. Nor did it intend to turn the federal courts into fora for state malpractice claims. Rather, it provided a limited federal remedy to plaintiffs who had sought, and been denied, aid in emergency rooms. Counts XXI to XXIV are an attempt to transform whatever malpractice allegedly occurred in Newport Hospital into federal causes of action, and as such are barred by *Correa*.

---

**3.** To be sure, Hart has not alleged that Newport Hospital is a "participating hospital" as defined in 42 U.S.C. § 1395dd(e)(2)—that is to say, a hospital that has reached an agreement with the Secretary of Health and Human Services to pro-

vide Medicare services to the elderly under 42 U.S.C. § 1395cc. However, as the vast majority of American hospitals are under such agreements, the oversight is negligible, and the Court will grant leave to amend the Complaint.

Therefore, the Court will dismiss Counts XXI to XXIV of the Complaint under Rule 12(b)(6), for failure to state a claim upon which relief can be granted.

## C. Supplemental Jurisdiction Over Mazur and Lewis

■ All but two of the remaining twenty-one counts in Hart's Complaint are state-law claims. The two EMTALA counts are directed at Newport Hospital; Mazur and Lewis are the subject of state-law malpractice claims only. Mazur and Lewis's third argument has, in fact, two parts: First, they argue that EMTALA does not provide a cause of action against them as individuals. The issue, however, is irrelevant. Hart has not brought EMTALA claims against them and any views the Court might have on EMTALA's reach would be surplusage. Second, Mazur and Lewis argue that even if the Court retains subject matter jurisdiction over the case, it should decline to exercise supplemental jurisdiction over them, as "the factual and legal issues to be proven under EMTALA versus medical negligence are separate and distinct, thus not amenable to adjudication simultaneously without undue confusion and expense." Defendant's Memorandum in Support of Motion to Dismiss at 19. The Court disagrees.

The Court's power to exercise supplemental jurisdiction is defined by 28 U.S.C. § 1367(a):

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Congress passed § 1367 in order to codify the rationale for pendent jurisdiction set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1175 (1st Cir.1995). In *Gibbs*, the Supreme Court held that if a substantial federal claim was so intertwined with state claims as to permit "the conclusion that the entire action before the court comprises but one constitutional 'case'," 383 U.S. at 725, 86 S.Ct. at 1138, then a district court could exercise jurisdiction over the whole matter. Provided the claims arose from "a common nucleus of operative fact," *id.*, the federal and state causes of action can be heard together. *Corrigan v. R.I. Dept. of Bus. Reg.*, 820 F.Supp. 647, 664–65 (D.R.I.1993).

Underlying the multiplicity of counts and claims brought by Hart in this matter is a simple question: What happened between June 18, 1993, when James Ribera walked into the Emergency Department of Newport Hospital, and June 28, 1993, the day he died? Every claim, every defense, and every legal issue in this case flows from the events of those ten days. Truly, the Court is faced with one "case," with one common nucleus of facts revolving around what happened that week and a half in late June 1993. It would be illogical and wasteful to force the state malpractice claims to be tried separately in the state court.

Therefore, the Court, having jurisdiction over Hart's EMTALA claims against Newport Hospital pursuant to 28 U.S.C. § 1331, will exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all state-law claims against the Hospital, Mazur, and Lewis.

## IV. Conclusion

For the foregoing reasons, defendants' motions under Rule 12(b)(1) are denied and Counts XXI–XXIV of the plaintiff's Complaint are dismissed under Rule 12(b)(6).

It is so ordered.