Adelina **TORRES MAYSONET**, et al.   **Plaintiffs**

v.

**DRILLEX, S.E., et al.   Defendants**

**No. CIV. 00–2420(SEC).**

United States District Court, D. Puerto Rico.

Oct. 30, 2002.

---

Nicolas Noguera-Cartagena and Armando Porrata-Doria, San Juan, PR, for Plaintiffs.

Eduardo Castillo-Blanco, San Juan, PR, Ivan M. Durant-Sierra, Bayamon, PR, Orlando Fernandez, Garcia & Fernandez, San Juan, PR, Doris Quinones-Trida and Luisa Velazquez-Aparicio, Quinones Tridas Law Office, PSC, San Juan, PR, for defendant.

## OPINION AND ORDER

CASELLAS, District Judge.

Pending before the Court is a motion to dismiss for lack of subject matter jurisdiction filed by Defendants (**Docket # 46**). Defendants base their motion upon the fact that both the Clean Air Act (CAA) and the Noise Control Act (NCA) contain their own particular provisions for the filing of citizen's suits and notice requirements pursuant to the provisions of 42 U.S.C. § 7604 and § 4911. They contend that Plaintiffs failure to comply with such statutory requirements deprives this Court of jurisdiction to entertain this matter. Plaintiffs have opposed Defendants' motion alleging that the statutory notice requirement does not apply since they are not seeking compliance, performance or enforcement of the CAA and NCA under a citizen's suit but, rather, requesting compensatory and punitive damages for the failure to comply with the provisions of the Acts and various Puerto Rico laws (**Docket # 54**). Upon careful consideration of the parties' arguments and the applicable law, Defendants' motion to dismiss is **GRANTED**. Accordingly, Plaintiffs' complaint is **DISMISSED WITHOUT PREJUDICE** due to Plaintiffs failure to undertake the required statutory procedures applicable to suits by private citizens under these statutes and due to the fact that neither the CAA nor the NCA provide for damages claims by citizens.

### Factual Background

The above captioned case is an environmental claim filed by Plaintiffs, a group of citizens from Barrio Guaraguao Abajo in the Municipality of Bayamón, under the

provisions of the Clean Air Act, 42 U.S.C. § 7401 *et seq.*, the Noise Control Act, 42 U.S.C. § 4901 *et seq.*, as well as Puerto Rico Law No. 9 of June 18, 1970, Law No. 157 of June 28, 1968, Explosives Law, Law No. 134 of June 29, 1969, Law No. 132 of June 25, 1968 as amended by Law No. 144 of June 3, 1976, Law No. 54 of June 27, 1978 and Article 1802 of the Puerto Rico Civil Code.

Plaintiffs claim that around November 1999 Defendants started an operation in a land site in Barrio Guaraguao Abajo, Bayamón with the purpose of extracting earth crust materials (extracción de corteza terrestre) to extract land fill (roca ígnea) for commercial use. Part of such operation was carried out using explosives.

Plaintiffs argue that Defendants neglected in their operation the standards and requirements established by the afore mentioned statutes. They allege that Defendants' conduct has caused them physical and emotional illnesses, including asthma and allergies, has increased their risk of disease and generated fear of the increased risk of disease and of the continuing nature of their disease, has made necessary periodic medical treatment and examinations and caused substantial economic losses, as well as suffering of depression, anxiety, insomnia and headaches. Also, Plaintiffs claim that Defendants' conduct has rendered worthless their properties and violated their right to quiet enjoyment of their properties and the enjoyment of their family, personal and social life.

### Applicable Law and Analysis

### Motion to Dismiss Standard—Rule 12(b)(1) Motions

Defendants may move to dismiss an action for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). "As a general matter, trial courts should give Rule 12(b)(1) motions precedence." *Dynamic Image Technologies, Inc. v. U.S.,* 221 F.3d 34, 37 (1st Cir.2000). In the case at bar, defendants are claiming that Plaintiffs did not comply with the statutory required sixty (60) day prior notice to the alleged violators to effectively establish this Court's jurisdiction over the claims. In this type of jurisdictional challenge, "the standard applied to a 12(b)(1) motion is similar to the standard applied to a 12(b)(6) motion, namely, the court must take all of plaintiff's allegations as true and must view them, along with all reasonable inferences therefrom, in the light most favorable to plaintiff." *Freiburger v. Emery Air Charter, Inc.,* 795 F.Supp. 253, 257 (N.D.Ill., 1992). *See also Hart v. Mazur,* 903 F.Supp. 277 (D.R.I.1995). ("Motions under Rule 12(b)(1) and Rule 12(b)(6) are subject to the same standard of review.")

### Citizen suits under the Clean Air Act, 42 U.S.C. § 7401 *et seq.* and the Noise Control Act, 42 U.S.C. § 4901 *et seq.*

Section 7604 of the CAA and Section 4911 of the NCA grant authority to any person to bring civil suits against any person (including the United States, and any other governmental instrumentality or agency) who is alleged to be in violation of any of the provisions established in the Acts. However, such sections also provide that "no action may be commenced" unless notice of the violation is given to the Administrator of the Environmental Protection Agency and any alleged violator(s), at least sixty (60) days prior to the commencement of the action[1].

■ Accordingly, the primary function of the provisions for citizen suits is to

---

**1.** The Supreme Court has enforced this requirement as expressed in *Reeger v. Mill Service Inc.,* 593 F.Supp. 360 citing *Middlesex*

*County Sewerage Authority v. National Sea Clammers Association,* 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435, where the court ex-

enable private parties to assist in enforcement efforts where Federal and State authorities appear unwilling to act. *SURCO v. PRASA*, 157 F.Supp.2d 160 (D.P.R. 2001). The Supreme Court has traditionally held that statutory provisions conferring authority upon a private citizen to sue are narrowly construed. *See Garcia v. Cecos Int'l.*, 761 F.2d 76 (1st Cir.1985). Further, "[t]he Supreme Court has demanded strict adherence to statutory provisions for citizen's suits in environmental litigation." *Garcia*, 761 F.2d at 81, *See Middlesex County Sewerage Authority v. National Sea Clammers Association*, 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981).

█ In the case at bar, Plaintiffs have accepted that such notice has not been given and is not forthcoming (**Docket #54**). This complete failure to comply with, or even attempt to comply with the notification requirements mandated by the citizen suit provisions of the CAA and NCA, indicates that Plaintiffs, the masters of their complaint, did not intend to assert claims arising under federal law. Thus, this court lacks subject matter jurisdiction over such claims.

## Cognizable Damages Claim under the Clean Air Act and the Noise Control Act

█ Surprisingly, both Plaintiffs and Defendants have ignored the damages claim issue under these environmental Acts. Plaintiffs allege in the complaint and in their opposition to Defendants' motion to dismiss that they are not seeking compliance, performance or enforcement of any of the Acts' provisions but, rather, compensatory and punitive damages for the failure to comply with the provisions of the Acts and Puerto Rico Laws. Defendants have not argued against the availability of a damages remedy under the CAA and NCA.

█ "The established standard district courts must follow when presented with a personal damages claim in a Clean Water Act citizen suit has been to first inquire as to Congress' legislative intent" [2]. *SURCO*, 157 F.Supp.2d at 167. In authorizing Clean Air Act litigation Congress restricted citizen's suits to actions seeking to enforce specific requirements of the Act or clear cut violations [3]. *Philadelphia Council of Neighborhood Organizations v. Coleman*, 437 F.Supp. 1341 at 1370 (E.D.Pa. 1977). According to legislative history, the Clean Air Act holds unequivocal indications that private enforcement suits are intended to be limited to the injunctive relief provided by the Act. "[C]onfering additional rights on the citizen may burden the courts unduly. . .[T]he citizen suit provision of S. 4358 has been carefully drafted

pressed that "strict compliance with the statutory notice requirements has been required by this and other courts." The court also stated that "These citizen-suit provisions authorize private persons to sue for injunctions to enforce these statutes. Plaintiffs invoking these provisions first must comply with specified procedures—which respondents here ignored—including in most cases 60 days' prior notice to potential defendants."

2. It must be noted that the citizen suit provision in the Clean Water Act was categorically modeled on the analogous provisions of the Clean Air Act. *See S.Rep. No. 92–414* at 79,

1972 U.S.C.C.A.N. 3668, *See Middlesex County Sewerage Authority v. National Sea Clammers Association,* 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435. As such, this court will also look upon Congress' legislative intent when it drafted the Clean Air Act.

3. Accordingly this Court will examine the Noise Control Act citizen's suit provision in light of the Clean Air Act's citizen's provision intention since the language of the two statutes do not materially differ. *325–343 E. 56th Street Corporation,* 906 F.Supp. 669 at 685 n. 21, 22.

to prevent this consequence from arising...[I]t should be noted that the bill makes **no provision for damages to the individual.**" 116 CONG. REC. 33104 (1970)(Statement of Sen. Hart). It is thus established that both the Clean Air Act and, consequently, the Clean Water Act, are "limited to seek [sic] abatement of violation of standards established administratively under the act, and **expressly exclude damages actions.**" *Id.* at 3201 (Statement of Sen. Muskie)., *See Middlesex County Sewerage Authority v. National Sea Clammers Association,* 453 U.S. at 18 n. 27, 101 S.Ct. 2615. This court must therefore, "in the absence of strong indicia of a contrary congressional intent, be compelled to conclude that Congress provided precisely the remedies it considered appropriate." *Middlesex County Sewerage Authority,* 453 U.S. at 15, 101 S.Ct. 2615. *See 325–343 E. 56th Street Corporation v. Mobil Oil Corp.,* 906 F.Supp. 669 at 685 *citing Middlesex County Sewerage Authority.*

Given that the citizen suit provisions of the Clean Air Act and Noise Control Act simply provide for injunctive remedies and the fact that the Plaintiffs seek only monetary damages, renders the complaint inconsistent with the available remedies and claims under these federal statutes. Thus, this Court has no subject matter jurisdiction to entertain a damages claim under these federal environmental statutes.

**Claims under Puerto Rico Laws**

The dismissal of Plaintiffs' federal claim leave only Plaintiffs' claims under Puerto Rico Laws. Pursuant to 28 U.S.C. § 1367(c) and *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), the Court declines to exercise supplemental jurisdiction over Plaintiffs' Commonwealth claims against Defendants. *See Rodriguez v. Doral Mortgage Corp.,* 57

F.3d 1168, 1177 (1st Cir.1995). "As a general principle, the unfavorable disposition of a Plaintiff's federal claim at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state law claims." *Id.* (citations omitted). Accordingly, Plaintiffs' claims under Puerto Rico Law will be **DISMISSED WITHOUT PREJUDICE.**

### Conclusion

Pursuant to the discussion above, we find that Plaintiffs do not have a right to claim damages under the Clean Air Act and the Noise Control Act. Furthermore, this Court notes that Plaintiffs did not comply with the statutory requirement of sixty (60) days prior notice before commencing a legal action. These facts confirm that the Court is without subject matter jurisdiction to entertain Plaintiffs' claim. Therefore, Plaintiffs' cause of action will be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed.R.Civ.P. 12(b)(1). Judgement will be entered accordingly.

**SO ORDERED.**