**FEDERACION DE MAESTROS DE PUERTO RICO, INC.,**
Plaintiff(s),

v.

**JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO, Defendant(s).**

Civil No. 03–1210 (JAG).

United States District Court, D. Puerto Rico.

May 27, 2003.

Godwin Aldarondo–Girald, San Juan, PR, for Plaintiff.

Carlos E. Lopez–Lopez, Llovet–Zurinaga & Lopez P.S.C., Hato Rey, PR, for Defendant.

### OPINION AND ORDER

GARCIA GREGORY, District Judge.

The Court has under submission respondent's Junta de Relaciones del Trabajo de Puerto Rico ("JRTPR") motion to dismiss for lack of jurisdiction (Docket No. 11), filed on April 11, 2003. The complaint in this matter was filed by petitioner Federa-

ción de Maestros de Puerto Rico ("FMPR") on March 4, 2003, requesting declaratory judgment and injunctive relief. (Docket No. 1.) FMPR alleges that JRTPR does not have jurisdiction to consider and adjudicate Case Number CA–90–62 filed before it by the Federación Puertorriqueña de Trabajadores ("FPT"). JRTPR alleges that this issue has already been adjudicated by the state courts, and therefore that this Court lacks jurisdiction to address the matter. For the following reasons, this Court agrees with JRTPR and GRANTS its motion to dismiss for lack of jurisdiction.

## Factual Background

The relevant facts underlying FMPR's claim are undisputed. (Docket No. 16 and 18.) On June 19, 1990, FPT filed a charge against petitioner FMPR before JRTPR. On May 17, 1995, JRTPR issued a grievance against FMPR for an alleged unlawful practice, case number CA–90–62. On September 12, 1995, FMPR filed a motion to dismiss with JRTPR for lack of jurisdiction based on timeliness of the grievance and exclusive jurisdiction of the National Labor Relations Board ("NLRB"). FMPR also filed a memorandum of law in support of its motion to dismiss on October 19, 1995. On February 9, 1996, an Administrative Judge issued an Interlocutory Report concluding that JRTPR lacked jurisdiction. Subsequently on April 11, 1996, JRTPR issued a resolution rejecting the Administrative Judge's report and denying the motion to dismiss for lack of jurisdiction. (Docket No. 16, Exhibit 1.) FMPR filed a motion for reconsideration on April 26, 1996, and said motion was subsequently denied. On May 13, 1996, FMPR filed an appeal before the Supreme Court of Puerto Rico, and said Court referred the matter to the Court of Appeal of Puerto Rico, Civil No. KLRA–96–00251. On July 24, 1997, the Court of Appeal, in a lengthy opinion, upheld JRTPR's resolution denying the motion to dismiss and retaining jurisdiction, and ordered the proceedings to continue. (Docket No. 16, Exhibit 2.) FMPR then filed a motion for reconsideration on August 13, 1997 that was denied on March 15, 1998. On April 16, 1998, FMPR filed a writ for certiorari with the Supreme Court of Puerto Rico, and this was also denied. (Docket No. 16, Exhibit 3.) FMPR requested reconsideration of the last decision twice, on June 11, 1999 and October 8, 1999, and both were denied. (Docket No. 16, Exhibits 4, 5.) On November 24, 1999, JRTPR issued a resolution ordering the continuation of the proceedings. (Docket No. 16, Exhibit 6.) FMPR continued to prosecute its claim of lack of jurisdiction at several hearings with JRTPR, and then on March 4, 2003 filed the "Complaint for Declaratory Judgment and Injunctive Relief" before this Court. (Docket No. 1.) JRTPR then filed the motion to dismiss for lack of jurisdiction now under our consideration. (Docket No. 11.)

## Standard of Review

■ Pursuant to Fed.R.Civ.P. Rule 12(b)(1), a defendant can assert that the Court lacks subject matter jurisdiction to entertain an action. When deciding whether to dismiss a complaint for lack of subject matter jurisdiction the Court "may consider whatever evidence has been submitted, such as the depositions and exhibits submitted...." *See Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir.1996).

Motions brought under Rule 12(b)(1) and Rule 12(b)(6) are subject to the same standard of review. *Negron–Gaztambide v. Hernandez–Torres*, 35 F.3d 25, 27 (1st Cir.1994); *see Torres Maysonet v. Drillex, S.E.*, 229 F.Supp.2d 105, 107 (D.P.R.2002).

Dismissal is proper pursuant to Fed. R.Civ.P. 12(b)(6) for "failure to state a claim only if it clearly appears, according to the facts alleged, that the plaintiff can-

not recover on any viable theory." *Gonzalez–Morales v. Hernandez–Arencibia,* 221 F.3d 45, 48 (1st Cir.2000) (*quoting Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52 (1st Cir.1990)). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiffs' favor. *See Correa–Martinez,* 903 F.2d at 51; *Torres Maysonet,* 229 F.Supp.2d at 107. The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *See Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996).

When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*citing Correa–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *See Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

■ When the Court determines that subject matter jurisdiction does not exist, "it must dismiss the case and not make any determination on the merits of the same." *Faura Cirino v. U.S.,* 210 F.Supp.2d 46, 50 (D.P.R.2002).

*Discussion*

■ Given the relevant facts in this case, it is clear that FMPR's "Complaint for Declaratory Judgment and Injunctive Relief" is, in essence, a request to have this Court review the past decisions of the state courts. It is well established doctrine that:

"Lower federal courts generally do not have jurisdiction to review state decisions; rather, jurisdiction to review such decisions. lies exclusively with superior state courts and, ultimately, the United States Supreme Court. This principle is known as the **Rooker–Feldman** doctrine."

*International Cement Aggregates, Inc. v. Antilles Cement Corp.,* 62 F.Supp.2d 412, 414–15 (D.P.R.1999),(citing *District of Columbia Ct.App. v. Feldman,* 460 U.S. 462, 482–86, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923).). This District Court has repeatedly recognized and applied the *Rooker–Feldman* doctrine, holding that:

"... only the Supreme Court has jurisdiction to review decisions of state courts; therefore, district courts have no jurisdiction to entertain challenges to state-court decisions, even if the challenges alleged are constitutional in nature."

*K. Giles Toro v. University of Puerto Rico,* 183 F.Supp.2d 457, 462 (D.P.R.2001)(citing *Feldman* at 476, 103 S.Ct. 1303). *See also Radiology Institute, Inc. v. Padilla Rodriguez,* 818 F.Supp. 477 (D.P.R.1993); *Arecibo Radio Corp. v. Commonwealth of Puerto Rico,* 825 F.2d 589 (1st Cir.1987).

■ FMPR contends that it cannot file an appeal to the Supreme Court of the United States because the decision is not a final judgment decided by the highest state court. (Docket No. 16.) This Court disagrees. The denial of review of the Court of Appeal's determination by the Supreme Court of Puerto Rico is a final decision on the issue of jurisdiction. (Docket No. 16, Exhibits 4, 5.) In a similar case, *Olson Farms v. Barbosa,* 134 F.3d 933, (9th Cir.1998), petitioner Olson appealed a district court decision under the

*Rooker–Feldman* doctrine dismissing his action for lack of jurisdiction against the California Labor Relations Board and others. In that case, as in this one, Olson claimed that the action brought against him by the California Labor Board was preempted by the National Labor Relations Act and that only the National Labor Relations Board had jurisdiction to decide the action. *Id* at 935. Among other things, Olson argued that the *Rooker–Feldman* doctrine was another facet of *res judicata* and could not apply in a case where there was preemption; however, the Court strongly disagreed with this proposition and upheld the district court's decision. *Id* at 937. As in *Olson,* this Court concludes that FMPR "... submitted the jurisdictional claim to the state courts and now seeks to have the federal courts adjudicate that selfsame jurisdictional claim." *Id* at 936.

FMPR's insistence that the state courts have erred and that it has not had the opportunity to fully present its claim flies in the face of the lengthy procedural history of its case in the state courts. Even if the state courts may have erred in their determination of jurisdiction, the *Rooker–Feldman* doctrine still controls and forecloses FMPR's complaint in this court. See *Olson* at 935–37; *Board of Trustees of the Leland Stanford Junior University v. Modual A/C Systems, Inc.,* 54 F.Supp.2d 965, 969 (N.D.Cal.1999).

Therefore, for the reasons discussed above, this Court GRANTS JRTPR's motion to dismiss for lack of jurisdiction. Because the Court grants said motion to dismiss, FMPR's request for declaratory judgment and injunctive relief must be DENIED.

IT IS SO ORDERED.