Joseph KEATING, and Providence Police & Fire–Fighters' Retirement Association, Plaintiffs,

v.

STATE of RHODE ISLAND, and R. Gary Clark, Tax Administrator of the State of Rhode Island, Defendants.

Civ. A. No. 91–0481L.

United States District Court, D. Rhode Island.

March 6, 1992.

Joel D. Landry, Landry & Connors, Providence, R.I., for plaintiffs.

Marcia McGair Ippolito, Bernard J. Lemos, R.I. Div. of Taxation, Providence, R.I., for defendants.

## MEMORANDUM AND ORDER

LAGUEUX, District Judge.

### I. INTRODUCTION

This matter is before the Court on the motion of both defendants to dismiss the plaintiffs' complaint under Rule 12 or, in the alternative, to grant summary judgment under Rule 56. Plaintiffs are a Rhode Island taxpayer and a retirement association of which he is a member. They have alleged that the State of Rhode Island ("the State") has violated their federal and state constitutional and statutory rights.

Plaintiff Keating is a retired Providence police officer and a member of the Providence Police and Firefighters' Retirement Association (the "Association"). The Association has some 700 members, all former police officers or firefighters receiving pensions from the City of Providence. Before 1985, the pension income of the Association's members was exempt from state income taxes, pursuant to a 1923 state statute. R.I.Pub.L.1923 ch. 489 § 15, as amended by R.I.Pub.L.1963 ch. 151 § 8. In 1985, the Rhode Island General Assembly repealed this tax exemption. R.I.Pub.L. 1985 ch. 496. When this exemption disappeared, the Association decided to contest the repeal and elected to make Keating's case a "test" or "pilot" case. Therefore, Keating properly paid the additional tax due and then sought a refund, challenging the 1985 repealing act in proceedings before the Rhode Island Tax Administrator. Keating alleged various violations of his state and federal constitutional and statu-

tory rights. When the Tax Administrator denied relief, Keating appealed to the Rhode Island District Court, Sixth Division, which affirmed the Tax Administrator's decision. *Keating v. Clark ("Keating I")*, A.A. No. 88–69 (R.I.Dist.Ct., 6th Div. Mar. 6, 1992) (Defendants' Appendix II). Keating then sought review in the Rhode Island Supreme Court. The Rhode Island Supreme Court ultimately denied Keating's petition for certiorari, thus effectively affirming the District Judge's decision.

At this point, Keating could have sought review of the federal constitutional issues in the United States Supreme Court. He and the Association chose not to do that. Instead, they filed this suit in this Court. It is a transparent attempt to resuscitate a claim that the Rhode Island state courts have already fully adjudicated. The only differences between this complaint and the previous one are the addition of the Association as a plaintiff, the explicit naming of the State as a defendant, and the new allegation that the defendants have violated the plaintiffs' federal civil rights under 42 U.S.C. §§ 1981–1986.

As explained below, these modifications do not give legitimacy to the plaintiffs' federal complaint. Accordingly, this case must be dismissed.

### II. DISCUSSION

#### A. *The Retirement Association's Standing*

■ The Association lacks standing to join this suit. That the individual members of the Association may have common complaints against the defendants does not confer standing on the Association, which is a separate legal entity from its individual members. Even if the members could allege individual claims, as in a class action complaint, the Association itself must also be injured before it can join the suit. The Complaint's awkward syntax ("Plaintiff, Providence Police and Firefighters Retirement Association members,....") tacitly acknowledges that the Association is attempting to become a surrogate for its individual members. Complaint, para. 13.

The Complaint simply alleges no injury to the Association. Accordingly, the Court must dismiss the Association's claims, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted.

### B. *The Federal Tax Injunction Act*

■■■ The Federal Tax Injunction Act of 1937, 28 U.S.C. § 1341 (1988), prevents this Court from assuming jurisdiction of the remaining plaintiff's[1] claims. The statute provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

*Id.* This statute applies to all federal claims, even those posing important constitutional or civil rights questions.

The statute's prohibitions are akin to the federal abstention doctrine. As this Court recently explained:

> A federal district court should abstain from ruling on constitutional questions whenever state judicial proceedings involving important state interests have been initiated, substantive proceedings on the merits have not yet taken place in the federal court, and the state proceedings afford an adequate opportunity to raise the constitutional claims.

*Colonial Courts Apartment Co. v. Paradis,* 780 F.Supp. 88, 90 (D.R.I.1992). The rule prevents needless federal interference in matters of state competence and reduces the risk of dual litigation, while entrusting the enforcement of federal rights to adequate state processes. For state tax disputes, the Tax Injunction Act codified a jurisdictional rule that had previously been a judicial policy of comity and restraint. *United Gas Pipe Line Co. v. Whitman,* 595 F.2d 323, 324–25 (5th Cir.1979).

■■■ The plain words of the Tax Injunction Act leave the plaintiff no escape. Certainly any action by this Court granting the plaintiff declaratory relief or a tax refund would "restrain the assessment, levy or collection of a tax under State law." *California v. Grace Brethren Church,* 457 U.S. 393, 408, 102 S.Ct. 2498, 2507, 73 L.Ed.2d 93 (1982); *United Gas Pipe Line,* 595 F.2d at 324, 326. The only remaining question is whether Rhode Island's procedures for contesting state tax assessments offer "a plain, speedy and efficient remedy." The state procedures need not offer the best of all possible remedies; they must only be adequate. *Alnoa G. Corp. v. City of Houston,* 563 F.2d 769, 772 (5th Cir.1977) (citing *Spector Motor Serv., Inc. v. O'Connor,* 340 U.S. 602, 605, 71 S.Ct. 508, 510, 95 L.Ed. 573 (1951)), *cert. denied,* 435 U.S. 970, 98 S.Ct. 1610, 56 L.Ed.2d 62 (1978). The state remedies are sufficient if they provide the taxpayer with a judicial determination following a full hearing, at which he may raise all his constitutional objections. *Grace Brethren Church,* 457 U.S. at 411–12, 102 S.Ct. at 2509–10.

The remedies that were available to the plaintiff satisfy the requirements of 28 U.S.C. § 1341. This Court has already ruled that Rhode Island's procedures for challenging state taxes meet the statute's requirements. *Sterling Shoe Co. v. Norberg,* 411 F.Supp. 128, 132–33 (D.R.I.1976); *Fruit Growers Express Co. v. Norberg,* C.A. No. 78–0045 (D.R.I.1981) (Defendants' Appendix VI), slip op. at 12. And the plaintiff has already litigated this same claim in the state system, demonstrating that system's speed and efficiency. The plaintiff was not forced to litigate several suits or challenge several taxing authorities. *See Rosewell v. LaSalle Nat'l Bank,* 450 U.S. 503, 517–18, 101 S.Ct. 1221, 1231–32, 67 L.Ed.2d 464 (1981). He raised his constitutional objections, which were carefully considered and firmly rejected. *Keating I,* slip op. at 6–10. The state procedures, which gave the plaintiff a full hearing and a judicial determination, were plain, speedy, and efficient. *See Grace Brethren Church,* 457 U.S. at 411–12, 102 S.Ct. at 2509–10.

---

1. Because the Court dismisses the Association as a plaintiff, leaving only Keating, the Court will refer only to the single plaintiff. No class action plaintiffs exist in this case at this time.

The proper line of appeal from the Rhode Island Supreme Court's denial of certiorari is a petition for certiorari to the United States Supreme Court. *Diaz–Buxo v. Trias Monge,* 593 F.2d 153, 157 (1st Cir.), *cert. denied,* 444 U.S. 833, 100 S.Ct. 64, 62 L.Ed.2d 42 (1979); *Lampkin–Asam v. Supreme Court of Fla.,* 601 F.2d 760, 760 (5th Cir.1979) ("It is axiomatic that a federal district court, as a court of original jurisdiction, lacks appellate jurisdiction to review, modify, or nullify a final order of a state court"), *cert. denied,* 444 U.S. 1013, 100 S.Ct. 662, 62 L.Ed.2d 642 (1980). The plaintiff did not follow this course. Instead, he made a few purely cosmetic changes to his complaint and filed suit in this Court.

But this Court has no authority to become involved, despite the plaintiff's civil rights allegations. "A complaint under the Civil Rights Act does not provide the springboard for an unhappy state litigant to raise his federal claims *de novo* in federal court." *Fortune v. Mulherrin,* 533 F.2d 21, 22 (1st Cir.), *cert. denied,* 429 U.S. 864, 97 S.Ct. 170, 50 L.Ed.2d 143 (1976). Plaintiff's attempt to use this Court as an appellate court for state tax litigation directly collides with the laws of federal jurisdiction and the Tax Injunction Act.

Federal law deprives this Court of jurisdiction over the plaintiff's claims. For this reason alone, all the plaintiff's claims, including any claims that the yet-unnamed class action plaintiffs may try to raise, must be dismissed pursuant to Fed.R.Civ.P. 12(b)(1).

### C. *Res Judicata*

■ Additionally, principles of res judicata bar relitigation of the plaintiff's claims. The late Judge Henry of the Rhode Island District Court, Sixth Division, issued a carefully crafted, 10–page opinion affirming the state Tax Administrator's decision to deny the plaintiff's requested refund. Judge Henry considered, discussed, and dismissed the Due Process and Takings claims that the plaintiff now asserts in this Court. *Keating I,* slip op. at 6–10. With the Rhode Island Supreme Courts's denial of certiorari, Judge Henry's decision became final and binding.

■ Res judicata now prevents relitigation of the plaintiff's claims. In federal civil rights actions, federal district courts must give state court judgments the same res judicata effect that the state's own law prescribes. 28 U.S.C. § 1738 (1988); *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *Isaac v. Schwartz,* 706 F.2d 15, 16 (1st Cir.1983). In Rhode Island, res judicata bars any relitigation (1) of the same cause of action (2) between the same parties or their privies (3) after final judgment has been rendered on the merits in the first suit. *Griffin v. Rhode Island,* 760 F.2d 359, 360 (1st Cir.), *cert. denied,* 474 U.S. 845, 106 S.Ct. 134, 88 L.Ed.2d 111 (1985); *Providence Teachers Union v. McGovern,* 113 R.I. 169, 172, 319 A.2d 358, 361 (1974). The bar applies to all matters that *could* have been raised and determined in the original action, including federal constitutional and civil rights questions, even if they were not actually raised. *Migra,* 465 U.S. at 83–85, 104 S.Ct. at 897–98; *Griffin,* 760 F.2d at 360.

### 1. Same Cause of Action

The causes of action in the federal and state suits are the same. Both state and federal suits "involve the same subject matter, arise out of the same occurrences, and rest on the same common contention[s]...." *Griffin,* 760 F.2d at 361. The plaintiff alleges no new occurrences or injuries.

### 2. Same Parties

The parties are essentially the same in both suits. The plaintiff has apparently attempted to avoid res judicata by naming an additional plaintiff and defendant, but these changes have no substance. In the state suit Joseph Keating was the sole plaintiff. In this suit the Association stands by his side. But this Court has dismissed the Association because it alleges no independent injury. Keating, therefore, is the sole plaintiff in both suits.

The defendants in both suits are so closely related that they are identical for res

judicata purposes. In the state suit the sole defendant was Rhode Island's Tax Administrator, R. Gary Clark ("Clark"). In this case the plaintiff has named both Clark and the State as defendants. In both suits, however, the plaintiff sought to make Clark liable only in his official capacity as an agent of the State. Complaint, para. 8. Thus, the first suit was in reality against the State. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). In any event, Clark and the State were in privity at all relevant times. *See Harding v. Carr*, 79 R.I. 32, 40, 83 A.2d 79, 83 (1951). So although the State is a *named* defendant in only the present lawsuit, the defendants in the state and federal suits are functionally the same.

The technical discrepancy between the named defendants in both suits does not thwart the application of res judicata. As this Court remarked in another case:

> When a conflict arises between the doctrine of mutuality and the policy behind *res judicata* and collateral estoppel against endless litigation ... the requirements of sound public policy should prevail over the mechanical application of the requirements of mutuality and privity.

*Skrzat v. Ford Motor Co.*, 389 F.Supp. 753, 757 (D.R.I.1975). The justifications for res judicata are especially meaningful in this case. As the U.S. Supreme Court explained:

> Res judicata ensures the finality of decisions. Under res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. Res judicata thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes. (Citations omitted.)

*Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979). By recognizing that the defendants in this suit are essentially identical to the defendant in the previous suit, thus satisfying the mutuality requirement of Rhode Island's res judicata rules, this Court advances the public policies of "encourag[ing] reliance on judicial decisions, bar[ring] vexatious litigation, and free[ing] the courts to resolve other disputes." *Id.*

### 3. Full and Final Adjudication

Finally, the state litigation was fully adjudicated on its merits, *Keating I*, and the plaintiff had a "full and fair opportunity" to litigate his constitutional claims. *See Allen v. McCurry*, 449 U.S. 90, 101, 101 S.Ct. 411, 418, 66 L.Ed.2d 308 (1980). His administrative hearing led to a full judicial hearing in the Rhode Island District Court. That Court, it bears repeating, actually decided the plaintiff's constitutional and state law claims. Judge Henry's persuasive opinion is evidence of the completeness and fairness of this proceeding.

Federal and state courts have concurrent jurisdiction over the federal civil rights statutes upon which the plaintiff bases his claims, 42 U.S.C. §§ 1981–1988. Because the plaintiff could litigate his constitutional allegations in state court, "[i]t is hornbook law that the principles of res judicata apply" to his civil rights charges. *Griffin*, 760 F.2d at 360; *see also Casagrande v. Agoritsas*, 748 F.2d 47, 48–49 (1st Cir. 1984).

The plaintiff has had his day in court. He is not entitled to another. Res judicata provides an independent and adequate basis for granting summary judgment against all the plaintiff's claims, pursuant to Fed.R.Civ.P. 56.

### D. *Defendants are Entitled to Dismissal on the Merits*

■ This Court agrees completely with Judge Henry's conclusion that the plaintiff has stated no claim upon which relief can be granted. The repeal of the state tax exemption violates none of the plaintiff's constitutional rights. *See Keating I*, slip op. at 6–10. Obviously, the Rhode Island Supreme Court arrived at the same conclusion.

Tax exemptions are a matter of legislative grace, subject to repeal at any time. A tax exemption "vests" only one year at a time, when the taxpayer takes advantage of it. The following year it may be gone. Pension rights vest more permanently, but the pension income's tax exempt status can change from year to year.

The plaintiff has not stated a claim upon which relief can be granted. Therefore, even if the defendants were not entitled to dismissal or summary judgment under the Tax Injunction Act or the principles of res judicata, the defendants would be entitled to dismissal of the plaintiff's claims, including those of any class action plaintiffs, under Fed.R.Civ.P. 12(b)(6).

### E. *Pendent State Claims*

The plaintiff's pendent state law claims, of course, must also be dismissed. The Tax Injunction Act deprives this Court of jurisdiction to hear any of the plaintiff's claims, state or federal. Res judicata also bars relitigation of all claims, state or federal. Finally, the doctrine of pendent jurisdiction compels dismissal of the state law claims when all supporting federal claims have been dismissed. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

### F. *Rule 11*

■ This Court does not entertain the appeals of unhappy state court litigants, even those who assert federal constitutional claims. The plaintiff and the Association should not have brought this suit. The plaintiff's attorney should have known after losing in the state courts that his only remaining route for review was in the United States Supreme Court, not this Court. His weak excuse, made during oral argument, that his clients made the decision to file a complaint in this Court instead of petitioning the United States Supreme Court does not absolve him of his responsibilities under Rule 11 of the Federal Rules of Civil Procedure.

■ Rule 11 requires an attorney to read his filings, conduct a reasonable inquiry into their factual and legal allegations, and sign them. Signing the papers certifies (1) that the filing is well grounded in fact and law or a good faith argument for the modification of existing law, and (2) that the filing was not intended for any improper purpose, such as to harass or to cause unnecessary delay or increase in litigation expenses. *In re Anderson*, 128 B.R. 850, 855 (D.R.I.1991). The Court *must* impose Rule 11 sanctions if the Court finds a violation of these requirements. *Id.* A finding of bad faith or malice is not required. *Id.*

■ This Court will impose Rule 11 sanctions on any attorney if it finds either that the attorney did not conduct a reasonable inquiry or that a competent attorney, after reasonable inquiry, could not form a reasonable belief that the pleadings were well grounded in fact *and* were warranted by existing law or a good faith argument for the modification or reversal of existing law. *Id.; Silva v. Witschen*, 745 F.Supp. 798, 806 (D.R.I.1990) (quoting *Lancellotti v. Fay*, 909 F.2d 15 (1st Cir.1990)). It is clear in this case that a sanction must be imposed against plaintiffs' attorney. He should have said "No" to his clients when they proposed to bring this case, which is without basis in fact and law.

Defendants are entitled to an award of counsel fees as a sanction if they make a motion to that effect. Any motion for counsel fees shall be made within thirty (30) days of this decision and must be supported by a detailed accounting of the time spent by the attorneys on this case. The Court will therefore conduct a hearing to determine the amount of the sanctions.

### III. CONCLUSION AND ORDER

Accordingly, the defendants' alternative motions for dismissal and summary judgment are hereby granted. Counsel for defendants shall have thirty (30) days in which to make an appropriate application for sanctions against plaintiffs' attorney. Judgment will only enter after the sanctions hearing, upon the order of this Court.

It is so ordered.