**Robert P. MOREY**

v.

**State of RHODE ISLAND.**

**No. 04–169L.**

United States District Court,
D. Rhode Island.

March 3, 2005.

Robert P. Morey, Warwick, RI, pro se.

Michael P. Jolin, Attorney General's Office, Providence, RI, for Defendant.

*MEMORANDUM AND ORDER*

LAGUEUX, Senior District Judge.

This Court cannot improve on the well-reasoned analysis contained in the attached Report and Recommendation issued by United States Magistrate Judge David L. Martin on January 31, 2005.

Therefore, the Court accepts and adopts the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1).

Thus, the Defendant's motion to dismiss is granted and the Clerk will enter judgment for the Defendant forthwith.

It is so ordered.

MARTIN, United States Magistrate Judge.

## REPORT AND RECOMMENDATION

Before the court is Defendant's Motion to Dismiss ("Motion to Dismiss" or the "Motion"). The State of Rhode Island (the "State" or "Defendant") seeks dismissal of the Complaint filed by Plaintiff Robert P. Morey ("Plaintiff") on grounds of lack of subject matter jurisdiction and failure to state a claim, *see* Fed.R.Civ.P. 12, as well as Eleventh Amendment immunity, *see* U.S. Const. amend. XI.

This matter has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and D.R.I. Local R. 32(a). A hearing was conducted on November 22, 2004. For the reasons stated below, I recommend that the Motion to Dismiss be granted.

### Facts and Travel

Plaintiff was convicted on March 26, 1996, of eleven counts of second degree child molestation. *See* Complaint at 2; *see also State v. Morey*, 722 A.2d 1185, 1187 (R.I.1999). He was sentenced on June 26, 1996, to ten years to serve. *See* Complaint at 2. According to Plaintiff, no oral pronouncement was made by the sentencing judge regarding court costs or other penalties such as probation, suspended sentence, etc. *See id.* Fifteen days thereafter, a written judgment and commitment order was signed, which included a $4,400 assessment[1] as well as "several other 'new' penalties...." Complaint at 2.

On August 28, 1997, Plaintiff was released on $30,000 bail with surety pending appeal, after $3,000 cash was deposited

---

1. The State of Rhode Island ("Defendant" or the "State") in its memorandum lists the amount of the assessment as $3,300. *See* Defendant's Memorandum in Support of Its

Motion to Dismiss ("Defendant's Mem.") at 2. The discrepancy does not affect the court's determination in this matter.

with the court in lieu of bail. *See* Complaint at 3. The Rhode Island Supreme Court denied Plaintiff's appeal in a written opinion dated January 8, 1999. *See id.; see also State v. Morey*, 722 A.2d 1185, 1191 (R.I.1999). In the interim, the Clerk of the Superior Court applied Plaintiff's $3,000 deposit in lieu of bail to his assessed court costs. *See* Complaint at 2; Memorandum in Support of Plaintiffs' [sic] 'Proposed Amended Complaint' ("Plaintiff's Mem ."), Exhibit ("Ex.") A (Criminal Docket Sheet Report); Defendant's Memorandum in Support of Its Motion to Dismiss ("Defendant's Mem.") at 2.

Plaintiff's sentence was subsequently reduced to six years to serve by the sentencing judge after hearing on April 23, 1999. *See* Complaint at 3. Again, according to Plaintiff, no oral pronouncement regarding court costs or other penalties was made at the hearing, and a written order of judgment and commitment was entered six days thereafter. *See id.* Plaintiff recites that this new order "deleted **any reference to costs at all.** It also amended reference to probation by adding four years to the ten on th[e] record, which ... has just recently been corrected as an illegal sentence." *Id.*

Plaintiff on November 14, 2003, filed a Motion for Remission of Court Costs with the Clerk of the Superior Court. *See id.* After hearing on December 18, 2003, the motion was denied. *See id.* at 4. Plaintiff filed a petition for Writ of Certiorari with the Clerk of the Rhode Island Supreme Court on December 29, 2003, *see* Complaint at 4, which was denied on March 18, 2004, *see id.* On March 29, 2004, Plaintiff filed a Motion for Reconsideration of the petition. *See id.* An order denying reconsideration was entered on April 9, 2004. *See id.* Plaintiff also filed a Motion for a Ruling on the Issue of Oral Pronouncement, which was denied by the Superior

Court and which denial has been appealed to the Rhode Island Supreme Court. *See id.*

Plaintiff filed a Complaint (Document # 1) in this court on May 7, 2004. He also filed a motion to proceed in forma pauperis (Document # 2), which was granted by this Magistrate Judge on May 24, 2004. *See* Order of 5/24/04 (Document # 3).

On August 4, 2004, Plaintiff filed a Motion for Judgement of Default (Document # 5) ("First Motion for Default"), which the court treated as a motion for entry of default. Defendant filed an Objection to Motion for Default Judgment (Document # 8) ("Objection to Default") on August 24, 2004. Plaintiff subsequently filed a document entitled Plaintiffs' [sic] Response to Defendants' [sic] Motion to Dismiss (Document # 10), referring to the Objection to Default. The court ordered the parties to file affidavits regarding service. *See* Order for Affidavits re Service (Document # 9) dated August 31, 2004. After receiving the affidavits, the court conducted a hearing on the Motion for Default on September 23, 2004. In a written order, the court thereafter directed that default be entered against Defendant on October 5, 2004, if no answer had been filed by the close of business on October 4, 2004. *See* Conditional Order for Entry of Default (Document # 15) ("Conditional Order") dated September 23, 2004.

Defendant filed the instant Motion to Dismiss (Document # 16) on September 29, 2004. Plaintiff subsequently filed a Motion for Reconsideration of Order (Document # 17) ("Motion for Reconsideration"), another Motion for Entry of Default (Document # 18) ("Second Motion for Default"), and a Motion for Stay of Proceedings to File an Amended or Supplemental Complaint (Document # 19) ("Motion for Stay"). A hearing on the Motion to Dismiss was scheduled for October 29, 2004.

At that time Plaintiff made an oral request for a continuance, which the court granted in order to allow Plaintiff to file a written response to the Motion to Dismiss. Defendant requested permission to file a supplemental memorandum raising an additional defense, which request was also granted. Following the hearing, the court issued a written order denying the Motion for Reconsideration and Second Motion for Default. *See* Order Denying Motions for Entry of Default and for Reconsideration (Document # 22) dated October 29, 2004.

Defendant's Supplemental Memorandum in Support of Its Motion to Dismiss (Document # 23) ("Defendant's Supp. Mem.") was filed on November 4, 2004. Plaintiff on November 18, 2004, filed Petitioners' [sic] Objection and Answer to Defendants [sic] Motion to Dismiss (Document # 25) ("Plaintiff's Obj."), along with Plaintiffs' [sic] Motion for Submission of Supplemental Argument for Amendment to Petition (Document # 24) ("Motion to Supplement").

A hearing on the Motion to Dismiss, the Motion to Stay, and the Motion to Supplement was conducted on November 22, 2004. The court granted the Motion to Supplement and directed Plaintiff to submit a proposed amended complaint by December 6, 2004. Defendant was given until December 16, 2004, to file a response to the proposed amended complaint if it so desired. Plaintiff on December 6, 2004, filed a Motion to a File a Proposed Amended Complaint (Document # 28) and supporting memorandum. Defendant notified the court by letter dated December 15, 2004, that it would not file any further response, but would rest on the papers it had previously filed. The matter was subsequently taken under advisement.[2]

2. By separate order dated January 31, 2005, the court ruled the Motion to Stay moot and

## Law

### I. Pro Se Status

Plaintiff is proceeding pro se, and his Complaint is held to a less stringent standard than one drafted by a lawyer. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). It is to be "read ... with an extra degree of solicitude." *Rodi v. Ventetuolo,* 941 F.2d 22, 23 (1st Cir.1991). The court is required to liberally construe a pro se complaint, *see Strahan v. Coxe,* 127 F.3d 155, 158 n. 1 (1st Cir.1997); *Watson v. Caton,* 984 F.2d 537, 539 (1st Cir.1993), and may grant a motion to dismiss "only if plaintiff cannot prove any set of facts entitling him to relief," *Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir.1997). At the same time, a plaintiff's pro se status does not excuse him from complying with procedural rules. *See Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ.,* 209 F.3d 18, 24 n. 4 (1st Cir.2000). The court construes Plaintiff's Complaint liberally in deference to his pro se status.

### II. 12(b)(1) Standard

In ruling on a motion to dismiss for lack of subject matter jurisdiction under Fed. R.Civ.P. 12(b)(1), a court must construe the complaint liberally, treat all well-pleaded facts as true, and indulge all reasonable inferences in favor of the plaintiff. *See Aversa v. United States,* 99 F.3d 1200, 1210 (1st Cir.1996); *Murphy v. United States,* 45 F.3d 520, 522 (1st Cir.1995); *see also Pejepscot Indus. Park, Inc. v. Maine Cent. R.R. Co.,* 215 F.3d 195, 197 (1st Cir.2000). "However, in ruling on a Rule 12(b)(1) motion, a court is not limited to the face of the pleadings. A court may consider any evidence it deems necessary to settle the jurisdictional question." *Pa-*

denied the Motion to File a Proposed Amended Complaint.

*lazzolo v. Ruggiano,* 993 F.Supp. 45, 46 (D.R.I.1998)(citing *Aversa v. United States,* 99 F.3d 1200, 1210 (1st Cir.1996), 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.30[3] (3d ed.1997)). It is Plaintiff's burden to prove the existence of subject matter jurisdiction. *See Murphy v. United States,* 45 F.3d at 522; *see also Palazzolo v. Ruggiano,* 993 F.Supp. at 46 ("Once a defendant challenges a court's subject matter jurisdiction, the plaintiff has the burden of establishing that jurisdiction exists.")(citing *Bank One, Texas, N.A. v. Montle,* 964 F.2d 48, 50 (1st Cir. 1992)).

### III. 12(b)(6) Standard

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, *see Paradis v. Aetna Cas. & Sur. Co.,* 796 F.Supp. 59, 61 (D.R.I.1992); *Greater Providence MRI Ltd. P'ship v. Med. Imaging Network of S. New England, Inc.,* 32 F.Supp.2d 491, 493 (D.R.I. 1998), taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, *see Arruda v. Sears, Roebuck & Co.,* 310 F.3d 13, 18 (1st Cir.2002); *Carreiro v. Rhodes Gill & Co.,* 68 F.3d 1443, 1446 (1st Cir.1995); *Negron–Gaztambide v. Hernandez–Torres,* 35 F.3d 25, 27 (1st Cir.1994). If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied. *See Hart v. Mazur,* 903 F.Supp. 277, 279 (D.R.I.1995). The court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." *Roma Constr.*

Co. *v. aRusso,* 96 F.3d 566, 569 (1st Cir. 1996); *accord Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Arruda v. Sears, Roebuck & Co.,* 310 F.3d at 18 ("[W]e will affirm a Rule 12(b)(6) dismissal only if 'the factual averments do not justify recovery on some theory adumbrated in the complaint.' ").

The court, however, is not required to credit "bald assertions, unsupportable conclusions, and opprobrious epithets." *Dartmouth Review v. Dartmouth Coll.,* 889 F.2d 13, 16 (1st Cir.1989)(internal quotation marks omitted)(quoting *Chongris v. Bd. of Appeals,* 811 F.2d 36, 37 (1st Cir. 1987)). Rule 12(b)(6) is forgiving, but it "is not entirely a toothless tiger." *Campagna v. Massachusetts Dep't of Envtl. Prot.,* 334 F.3d 150, 155 (1st Cir.2003)(quoting *Dartmouth Review* ). A plaintiff must allege facts in support of "each material element necessary to sustain recovery under some actionable legal theory." *Dartmouth Review v. Dartmouth Coll.,* 889 F.2d at 16 (quoting *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir.1988)).

### Discussion

Plaintiff presents the issue in his Complaint as follows:

> The Supreme Court of the State of Rhode Island has refused to issue a Writ of Certiorari in favor of this plaintiff in his request to have that court review the denial of a motion for 'Remission of Court Costs,' that was entered in a Providence Superior Court after short hearing on the matter on December 8, 2003.

Complaint at 1.[3] He alleges that this court has jurisdiction "under the due process

---

**3.** Plaintiff argues that the Complaint is not just about costs but, rather, is multi-faceted and "includes perhaps the single most important aspect of this situation which is that of **the lack of oral pronouncement.**" Petition-

ers' [sic] Objection and Answer to Defendants [sic] Motion to Dismiss ("Plaintiff's Obj.") at 2. However, this argument appears to question the legality and/or constitutionality of Plaintiff's sentence. The appropriate vehicle

and double jeopardy clauses of the U.S. Constitution, as well as possible supplemental jurisdiction under 28 USC § 1367(c)(1). . . ." [4] Complaint at 1. Defendant argues that the Complaint should be dismissed because: (1) the court lacks subject matter jurisdiction under the *Rooker–Feldman* doctrine, *see* Defendant's Mem. at 1, 3; (2) the Complaint fails to state a claim upon which relief can be granted based on the doctrine of *res judicata, see id.* at 1, 4–5; and (3) the State is immune from suit under the Eleventh Amendment to the United States Constitution, *see* Defendant's Supplemental Memorandum in Support of Its Motion to Dismiss ("Defendant's Supp. Mem.") at 1–2.

## I. *Rooker–Feldman*

■ The *Rooker–Feldman* doctrine derives from two Supreme Court decisions, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

> The *Rooker–Feldman* doctrine is a basic principle of subject matter jurisdiction that federal district courts should not serve as appellate courts to state courts. The only appropriate federal appellate court to a state court is the United States Supreme Court. Therefore, a federal district court should not review issues already determined by a state court.

*Pascoag Reservoir & Dam, LLC v. Rhode Island,* 217 F.Supp.2d 206, 214 (D.R.I. 2002) (citations omitted); *see also Wilson v. Shumway,* 264 F.3d 120, 125 (1st Cir.2001)(noting *Rooker–Feldman* principle that "lower federal courts lack jurisdiction to review decisions of the state courts"); *Wang v. New Hampshire Bd. of Registration in Med.,* 55 F.3d 698, 703 (1st Cir.1995)("Lower federal courts are without subject matter jurisdiction to sit in direct review of state court decisions."); *Schneider v. Colegio de Abogados de Puerto Rico,* 917 F.2d 620, 628 (1st Cir.1990) ("Review of state decisions may be obtained only in the United States Supreme Court."). "This is true, even though the state court judgment may have been erroneous." *In re Sun Valley Foods Co.,* 801 F.2d 186, 189 (6th Cir.1986). The lack of jurisdiction is not altered by claims that the state judgment is unconstitutional, *see Schneider v. Colegio de Abogados de Puerto Rico,* 917 F.2d at 628 ("It is well-established that lower federal courts have no jurisdiction to hear appeals from state court decisions, even if the state judgment is challenged as unconstitutional."), or that the plaintiff's constitutional rights were violated in the state proceeding, *see Mussle-*

---

for such a challenge in this court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez,* 411 U.S. 475, 489–90, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973)(holding that state prisoner attacking validity of fact or length of confinement on federal constitutional grounds is limited to habeas corpus remedy). Thus, if Plaintiff is still on probation, *see id.* at 486 n. 7, 93 S.Ct. at 1834 n. 7, he may be able to raise his due process and double jeopardy challenges to his sentence by filing a petition for writ of habeas corpus, assuming that he has exhausted his state remedies and meets other procedural requirements, *see Daniels v. United States,* 532 U.S. 374, 381, 121 S.Ct.

1578, 1583, 149 L.Ed.2d 590 (2001)(noting that vehicles for review such as 28 U.S.C. § 2254 are not available indefinitely and include procedural barriers).

4. Contrary to Plaintiff's assertion that 28 U.S.C. § 1367(c)(1) "allows a federal court to review cases that raise novel or complex issues of state law," Complaint at 1, the statute provides that "[t]he **district courts may decline to exercise supplemental jurisdiction** over a claim under subsection (a) **if—(1) the claim raises a novel or complex issue of State law**," 28 U.S.C. § 1367(c)(1) (emphasis added).

*white v. State Bar of Texas,* 32 F.3d 942, 944, 947 (5th Cir.1994); *Tidik v. Ritsema,* 938 F.Supp. 416, 424 (E.D.Mich.1996)(holding that district court had no jurisdiction to consider plaintiff's claims that his constitutional rights were violated in state divorce proceeding).

"The Supreme Court has applied the *Rooker–Feldman* jurisdictional bar to two categories of claims, those (1) actually decided by a state court, *see Rooker v. Fid. Trust Co.,* 263 U.S. 413, 415, 44 S.Ct. 149, 68 L.Ed. 362 ... or (2) 'inextricably intertwined' with a state court judgment, *see Dist. of Columbia Ct. of App. v. Feldman,* 460 U.S. 462, 48[3] n. 16, 103 S.Ct. 1303...." *Pittsburg County Rural Water Dist. No. 7 v. City of McAlester,* 358 F.3d 694, 707 (10th Cir.2004); *see also Wang v. New Hampshire Bd. of Registration in Med.,* 55 F.3d 698, 703 (1st Cir.1995)("Constitutional claims presented to a United States district court, and found to be 'inextricably intertwined' with state court proceedings, impermissibly invite the federal district court, 'in essence,' to review a final state court decision.")(quoting *Dist. of Columbia Ct. of App. v. Feldman,* 460 U.S. 462, 483 n. 16, 103 S.Ct. 1303, 1316 n. 16, 75 L.Ed.2d 206 (1983)); *Pascoag Reservoir & Dam, LLC v. Rhode Island,* 217 F.Supp.2d 206, 214–15 (D.R.I.2002)("Even if the claim was not presented to a state court, the *Rooker Feldman* doctrine forecloses lower federal court jurisdiction over claims that are inextricably intertwined with the claims adjudicated in a state court.") (citations and internal quotation marks omitted).

While the question whether a federal constitutional challenge is inextricably intertwined with the merits of a state-court judgment may sometimes be difficult to answer, it is apparent, as a first step, that the federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.

*Hill v. Town of Conway,* 193 F.3d 33, 39 (1st Cir.1999)(quoting *Pennzoil Co. v. Texaco Inc.,* 481 U.S. 1, 23, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987)(Marshall, J., concurring)); *see also Edwards v. Illinois Bd. of Admissions to Bar,* 261 F.3d at 729 ("To determine whether the injury is inextricably intertwined, we focus on whether the federal court is being called upon to review the state court decision."); *Pascoag Reservoir & Dam, LLC v. Rhode Island,* 217 F.Supp.2d 206, 215 (D.R.I.2002)(" 'Inextricably intertwined' is defined as a situation where the federal claim can only succeed if the state court claim fails. In other words, the federal court would have to reverse the state court for the federal claim to prevail.") (citations omitted).

■ It is clear from Plaintiff's framing of his Complaint that he wishes this court to review a decision of the state court, namely "the denial of a motion for 'Remission of Court Costs,'" Complaint at 1.[5] "This the District Court may not do." *Dist. of Columbia Ct. of App. v. Feldman,* 460 U.S. 462, 483 n. 16, 103 S.Ct. 1303,

---

**5.** According to Plaintiff's statement of the issue:

> The Supreme Court of the State of Rhode Island has refused to issue a Writ of Certiorari in favor of this plaintiff in his request to have that court review the denial of a mo-

tion for 'Remission of Court Costs,' that was entered in a Providence Superior Court after short hearing on the matter on December 8, 2003.
Complaint at 1.

1316 n. 16, 75 L.Ed.2d 206 (1983). In order for this court to grant Plaintiff the relief he seeks, remission of the $3,000 bail which was applied to his court costs, *see* Complaint at 9, the court would have to address the merits of, and, indeed, reverse, the state court's decision, *see Hill v. Town of Conway,* 193 F.3d 33, 39 (1st Cir.1999) ("*Rooker–Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its holding.")(quoting *Snider v. City of Excelsior Springs, Missouri,* 154 F.3d 809, 811–12 (8th Cir.1998)); *see also Pascoag Reservoir & Dam, LLC v. Rhode Island,* 217 F.Supp.2d 206, 215 (D.R.I.2002)("In other words, the federal court would have to reverse the state court for the federal claim to prevail."). "*Rooker–Feldman* precludes such an adjudication." *Hill v. Town of Conway,* 193 F.3d at 40.

The issue of remission of costs has been addressed by the state courts. When the Rhode Island Supreme Court denied Plaintiff's petition for a writ of certiorari and motion for reconsideration of that denial, Plaintiff's recourse was to appeal to the United States Supreme Court. *See Schneider v. Colegio de Abogados de Puerto Rico,* 917 F.2d 620, 628 (1st Cir.1990)("Review of state decisions may be obtained only in the United States Supreme Court."); *Pascoag Reservoir & Dam, LLC v. Rhode Island,* 217 F.Supp.2d 206, 214 (D.R.I.2002)("The only appropriate federal appellate court to a state court is the United States Supreme Court."). He cannot instead choose to relitigate the matter in this court. *See Wilson v. Shumway,* 264 F.3d 120, 125 (1st Cir.2001)("[L]ower federal courts lack jurisdiction to review decisions of the state courts."); *Wang v. New Hampshire Bd. of Registration in Med.,* 55 F.3d 698, 703 (1st Cir.1995)("Lower federal courts are without subject matter jurisdiction to sit in direct review of state court decisions.").

Thus, the court finds that the instant action falls squarely within the *Rooker–Feldman* doctrine. The court, therefore, lacks subject matter jurisdiction. Accordingly, I recommend that the Motion to Dismiss be granted.

## II. Res Judicata

■ *Res judicata,*[6] or claim preclusion, applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

*Comm'r of Internal Revenue v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948) (citation and internal quotation marks omitted); *see also ElGabri v. Lekas,* 681 A.2d 271, 275 (R.I.1996)("When invoked, it makes a prior judgment in a civil action between the same parties conclusive with regard to any issues that were litigated in the prior action, or, that could have been presented and litigated therein."). The doctrine of *res judicata* "maximize[s] judicial efficiency by eliminating duplicative litigation," *DiBattista v. State,*

---

**6.** *Res judicata* is a Latin term meaning "[a] matter adjudged...." *ElGabri v. Lekas,* 681 A.2d 271, 275 (R.I.1996)(quoting *Black's Law Dictionary* 1305 (6th ed.1990))(alteration in original).

808 A.2d 1081, 1086. (R.I.2002), and prevents "multiple and possibly inconsistent resolutions of the same lawsuit," *id.*

Federal district courts are required to "give state court judgments the same res judicata effect that the state's own law prescribes." *Keating v. Rhode Island,* 785 F.Supp. 1094, 1098 (D.R.I.1992); *accord Migra v. Warren City Sch. Dist. Bd. Of Educ.,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."). Under Rhode Island law, *res judicata* "bars any relitigation (1) of the same cause of action (2) between the same parties or their privies (3) after final judgment has been rendered on the merits in the first suit." *Keating v. Rhode Island,* 785 F.Supp. at 1098; *see also DiBattista v. Rhode Island,* 808 A.2d at 1086 ("*Res judicata* serves as an absolute bar to a second cause of action where there exists identity of parties, identity of issues, and finality of judgment in an earlier action.") (citations and internal quotation marks omitted); *El-Gabri v. Lekas,* 681 A.2d 271, 275 (R.I. 1996)(same). The rule is not altered because Plaintiff's Complaint alleges a violation of constitutional rights. *See Lovely v. Laliberte,* 498 F.2d 1261, 1263 (1st Cir. 1974).

Here, the parties are ·clearly identical. There is identity of issues, based on Plaintiff's presentation of same in his Com-plaint. Additionally, a final judgment has been rendered on the matter in the state court proceeding. The Superior Court denied Plaintiff's motion· for remission of court costs, and the Rhode Island Supreme Court declined to review that determination.

The court fines that the doctrine of *res judicata* serves as a bar to the instant action. Accordingly, I recommend that the Motion to Dismiss be granted.

### III. Eleventh Amendment

■ The Eleventh Amendment[7] to the United States Constitution "renders a State immune from suits brought in federal courts by her own citizens. . . ." *Southern Union Co. v. Lynch,* 321 F.Supp.2d 328, 332 (D.R.I.2004) (citations and internal quotation marks omitted). "It bars federal court lawsuits by private parties insofar as they attempt to impose liabilities necessarily payable from public coffers, unless the state has consented to suit or unless the protective cloak of the amendment has been doffed by waiver or stripped away by congressional fiat." *Ramirez v. Puerto Rico Fire Serv.,* 715 F.2d 694, 697 (1st Cir.1983)(citing *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976); *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Ezratty v. Commonwealth of Puerto Rico,* 648 F.2d 770, 776 (1st Cir.1981)). The Eleventh Amendment is primarily concerned with "minimiz[ing] federal

---

7. The Eleventh Amendment reads as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, this Court has con-sistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974)(citing, inter alia, *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890)); *see also Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 669–70, 119 S.Ct. 2219, 2223, 144 L.Ed.2d 605 (1999).

courts' involvement in disbursal of the state fisc." *Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct & Sewer Auth.*, 991 F.2d 935, 939 (1st Cir.1993).

██ In the instant case Plaintiff seeks the "return of the bail in the amount of $3,000 that was seized," Complaint at 9, and "any and all further relief that [the court] deems the plaintiff may be entitled to in the best interest of justice," *id.* Clearly the relief requested represents an attempt to impose [a] "liabilit[y] necessarily payable from public coffers," *Ramirez v. Puerto Rico Fire Serv.*, 715 F.2d at 697, which is barred by the Eleventh Amendment, *see Edelman v. Jordan*, 415 U.S. at 663, 94 S.Ct. at 1356 ("Thus the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.").

██ Plaintiff alleges (1) that the money should not have been placed in the public coffers and (2) that the state, by the state courts' refusal to review Plaintiff's federal claims, has waived its Eleventh Amendment immunity. *See* Plaintiff's Obj. at 5–6; Plaintiff's Mem. at 6–7. Plaintiff's first contention notwithstanding, to grant him the relief he requests, the return of the $3,000, would necessarily require the payment of funds from the State treasury, thereby implicating the State's Eleventh Amendment immunity. *See Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974). With regard to Plaintiff's waiver argument, the Supreme Court has held that a state's waiver of its Eleventh Amendment immunity must be explicit. *See Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675–76, 119 S.Ct. 2219, 2226, 144 L.Ed.2d 605 (1999)("[O]ur test for determining whether a State has waived its immunity from federal-court ju-

risdiction is a stringent one. Generally, we will find a waiver either if the State voluntarily invokes our jurisdiction, or else if the State makes a clear declaration that it intends to submit itself to our jurisdiction.") (citations and internal quotation marks omitted). As was the case in *College Savings Bank*, "[t]here is no suggestion here that [Defendant] expressly consented to being sued in federal court. Nor is this a case in which the State has affirmatively invoked [federal] jurisdiction." 527 U.S. at 676, 119 S.Ct. at 2226.

Accordingly, the court finds that the State has not waived its immunity and that Eleventh Amendment bars Plaintiff's action insofar as he seeks return of the $3,000 in bail money. I therefore recommend that the Motion to Dismiss be granted.

### Conclusion

For the reasons stated above, I recommend that the Motion to Dismiss be granted. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. *See* Fed.R.Civ.P. 72(b); D.R.I. Local R. 32. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. *See United States v. Valencia–Copete*, 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir.1980).

Jan. 31. 2005.