Harry COLÓN VÁZQUEZ, Plaintiff

v.

EL SAN JUAN HOTEL & CASINO, John Doe, Jane Doe, The Conjugal Partnership Constituted by John and Jane Doe and Insurance Company A, B & C., Defendant(s).

Civil No. 06–1003 JAG.

United States District Court, D. Puerto Rico.

March 19, 2007.

Manuel A. Rodríguez–Banchs, Río Piedras, PR, for Harry Colón–Vázquez.

Edwin J. Seda–Fernández and Mariel Y. Haack–Pizarro, Adsuar, Muñiz, Goyco, Seda & Pérez–Ochoa PSC, San Juan, PR, for El San Juan Hotel & Casino.

Lourdes M. Morales–Solis, Secretary of the Dept. of Labor of the Commonwealth of Puerto Rico, Dept. of Labor & Human Resources, San Juan, PR, for Román M. Velasco–González.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is a Motion for Partial Dismissal filed by Defendant Posadas de San Juan Associates d/b/a El San Juan Hotel & Casino ("Defendant") on August 11, 2006. (Docket No. 20). For the reasons set forth below, the Court **GRANTS** the Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 1992, Harry Colón Vázquez ("Plaintiff") commenced employment with Defendant. As an employee of Defendant, Plaintiff was represented by the Unión de Tronquistas de Puerto Rico, Local 901 (the "Union"). The Collective Bargaining Agreement ("CBA") that covered Plaintiff during his time of employment with Defendant required employees to follow the Grievance and Arbitration Procedure ("GAP") set forth therein for all disciplinary actions, including dismissals, which are statutory claims under Puerto Rico law. The GAP mandates that the aggrieved employee and his union representative first try to resolve the controversy with a representative of Defendant. If the controversy cannot be resolved in a mutually satisfactory manner, the Union or Defendant may submit the matter in

writing to the Director of the Bureau of Conciliation and Arbitration of the department of Labor of Puerto Rico, requesting that it submit a panel of three arbitrators to consider the case and the parties will select one arbitrator from among the same. The arbitrator's award will be final and binding provided it is issued pursuant to law.

Plaintiff suffers from a chronic physically impairing condition known as Aseptic Necrosis of the Femoral Head. On August 2003, Plaintiff began to exhibit symptoms of acute pain due to a condition of chronic arthritis developed as a consequence of his physical disability, which prevented him from being able to walk long distances or to stand for prolonged periods of time. Plaintiff's condition continued to deteriorate and as a result, he left on a short term disability leave on or around September 2004. At some point during his short term disability leave, Plaintiff filed a discrimination claim before the Anti Discrimination Unit ("ADU") of the Puerto Rico Department of Labor.

On March 15, 2005, Plaintiff was terminated for failing to request reinstatement after exhausting his FMLA leave and for fraudulently procuring short term disability benefits. In compliance with the CBA, Defendant notified the Union and the grievance procedure was initiated. At the Union's request, Plaintiff's termination was eventually submitted to the Bureau of Conciliation and Arbitration of the Department of Labor of Puerto Rico. Soon after arbitration proceedings had initiated, Plaintiff requested that the case be dismissed, on the grounds that the arbitrator allegedly lacked jurisdiction. At Plaintiff's request, the case was dismissed with prejudice.

On January 3, 2006, Plaintiff brought an employment discrimination action before this Court pursuant to the Americans with Disability Act of 1990, 42 U.S.C. § 12101, et seq.; Law No. 44 of July 2, 1985, 1 L.P.R.A. § 501 et seq.; Law No. 115 of December 20, 1991, 29 L.P.R.A. § 194a et seq.; the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161 et seq.;[1] and under Law 80 of May 30, 1976, 29 L.P.R.A. § 185a et seq. (Law 80) for unjust dismissal. Plaintiff avers that because his termination was discriminatory he was liberated from having to follow the grievance procedure set forth in the CBA. (See Docket No. 1–1).

On August 11, 2006, Defendant filed a Motion for Partial Dismissal. Defendant contends that Plaintiff's wrongful termination claim under Law 80 and his discrimination claims are separate and distinct and were filed separately and before two different agencies. The Arbitrator of the Bureau of Conciliation and Arbitration of the Department of Labor of Puerto Rico was in charge of adjudicating the Law 80 claim, i.e. determining whether Plaintiff was dismissed for just cause. The ADU was in charge of adjudicating Plaintiff's discrimination claims.

Defendant contends that Plaintiff is precluded from raising the Law 80 claim before this Court because he abandoned proceedings before the Bureau of Conciliation and Arbitration, which was the proper venue to adjudicate Plaintiff's wrongful termination. Accordingly, Defendant requests that Plaintiff's Law 80 cause of action be dismissed. (Docket No. 20). On October 6, 2006, Defendant filed a motion requesting the Court to deem its motion to dismiss as unopposed, as Plaintiff did not file

---

1. On February 21, 2007, Plaintiff filed a Motion to voluntarily dismiss his COBRA claim. (Docket No. 39). On March 1, 2007, Plaintiff's Motion for Voluntary Dismissal of COBRA Claim was granted. (Docket No. 40).

a written objection within ten days, pursuant to Local Rule 7.1(b), D.P.R. LOCAL R. 7.1(b). (Docket No. 24).

## STANDARD OF REVIEW

### A. *Motion to Dismiss Standard*

Under Fed. R.Civ.P. Rule 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. As courts of limited jurisdiction, federal courts must narrowly construe jurisdictional grants. *See e.g., Alicea–Rivera v. SIMED*, 12 F.Supp.2d 243, 245 (D.P.R. 1998). Consequently, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. *See Murphy v. United States*, 45 F.3d 520, 522 (1st Cir.1995); *Droz–Serrano v. Caribbean Records Inc.*, 270 F.Supp.2d 217 (D.P.R.2003). When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, the Court "may consider whatever evidence has been submitted, such as ... depositions and exhibits." *See Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir.1996).

Motions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6) motions. *Negron–Gaztambide v. Hernandez–Torres*, 35 F.3d 25, 27 (1st Cir.1994); *Torres Maysonet v. Drillex, S.E.*, 229 F.Supp.2d 105, 107 (D.P.R.2002). Under Rule 12(b)(6), dismissal is proper "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Gonzalez–Morales v. Hernandez–Arencibia*, 221 F.3d 45, 48 (1st Cir.2000) (quoting *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 52 (1st Cir.1990)). Under Rule 12(b)(1), dismissal would be proper if the facts alleged reveal a jurisdictional defect not otherwise remediable.

Pursuant to Fed. R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.*, 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.*, 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*citing Correa–Martinez*, 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

## DISCUSSION

Defendant contends that this Court lacks jurisdiction to entertain Plaintiff's Law 80 claim because it was dismissed with prejudice by the Bureau of Conciliation and Arbitration of the Department of Labor of Puerto Rico. Furthermore, Defendant requests that this Court grant his Motion to Dismiss as unopposed because Plaintiff did not file a response or opposition to such motion within the prescribed time period.

Congress enacted the Federal Arbitration Act ("FAA") with the purpose of overcoming judicial resistance to arbi-

tration. *Buckeye Check Cashing, Inc. v. Cardegna,* 546 U.S. 440, 126 S.Ct. 1204, 1207, 163 L.Ed.2d 1038 (2006). This Act permits "parties to an arbitrable dispute to move out of court and into arbitration as quickly and easily as possible." *Southland Corp. v. Keating,* 465 U.S. 1, 7, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984); *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 22, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Section 2 of the FAA articulates the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts. *Buckeye Check Cashing, Inc.,* 126 S.Ct. at 1207. This section generally provides for the enforceability of a written arbitration provision. *Circuit City Stores v. Adams,* 532 U.S. 105, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001). Specifically, section 2 states as follows: "[a] written provision in ... a contract ... to settle by arbitration a controversy thereafter arising out of such contract ... or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In enacting section 2 of the FAA, Congress declared a national policy favoring arbitration and took away from the States the power to require a judicial forum for the resolution of the claims that the contracting parties had agreed to resolve through arbitration. *Southland Corp.,* 465 U.S. at 10, 104 S.Ct. 852.

Under the Act, federal courts may, inter alia, stay litigation on issues that are within the scope of the arbitration agreement, 9 U.S.C. § 3; compel parties to submit to arbitration, 9 U.S.C. § 4; appoint neutral arbitrators, 9 U.S.C. § 5; compel appearances of witnesses at arbitration hearings, 9 U.S.C. § 7; confirm arbitration awards and enter judgment accordingly; 9 U.S.C. § 9; and in very limited circumstances, vacate, modify, or correct arbitration awards, 9 U.S.C. §§ 10 & 11. *See P.R. Tel. Co. v. U.S. Phone Mfg. Corp.,* 427 F.3d 21, 26 (1st Cir.2005). The FAA provides for very limited review of an arbitration award. *Id.* Section 10 permits courts to vacate an award only: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10. Section 11 allows courts to modify or correct an arbitration award only: (1) where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award; (2) where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted and (3) where the award is imperfect in matter of form not affecting the merits of the controversy. 9 U.S.C. § 11.

■■■ Basically, "where parties agree to arbitrate, a court cannot substitute a judicial determination for the arbitrator's decision." *Gas Aggregation Servs., Inc. v. Howard Avista Energy, LLC,* 319 F.3d 1060, 1064 (8th Cir.2003). Even if the court is convinced that the arbitrator committed serious error, "so long as the arbitrator is even arguably construing or applying the contract and acting within the

scope of his authority, arbitration awards must be confirmed." *Id.* (internal citation omitted). The FAA "carefully limits judicial intervention to instances where the arbitration has been tainted in certain specific ways ... [and] contains no express ground upon which an award can be overturned because it rests on garden-variety factual or legal [errors]." *Advest, Inc. v. McCarthy,* 914 F.2d 6, 8 (1st Cir.1990). Under the FAA, an award may be vacated for legal error only when in "manifest disregard of the law." *Wonderland Greyhound Park, Inc. v. Autotote Sys., Inc.,* 274 F.3d 34, 35–36 (1st Cir.2001).

■■ The Supreme Court has stated that the FAA applies both in federal and state courts. *Id.* at 15. In *Southland Corp.,* the Supreme Court held that the FAA preempts state law; and that state courts cannot apply state statutes that invalidate arbitration agreements. *See Allied–Bruce Terminix Cos. v. Dobson,* 513 U.S. 265, 272, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995); *P.R. Tel. Co.,* 427 F.3d at 26. However, the Supreme Court has limited the scope of the FAA. Arbitration agreements in employment contracts are enforceable pursuant to the FAA as long as any party is not a transportation worker. *See Circuit City Stores v. Adams,* 532 U.S. 105, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001). Furthermore, for a union to waive employees' rights to a federal judicial forum for statutory antidiscrimination claims, the agreement to arbitrate such claims must be clear and unmistakable. *Wright v. Universal Mar. Serv. Corp.,* 525 U.S. 70, 82, 119 S.Ct. 391, 142 L.Ed.2d 361 (1998).

■ In Puerto Rico, there is also a strong policy favoring arbitration in labor disputes. *Velez Miranda v. Servicios Legales de Puerto Rico, Inc.,* 144 P.R. Dec. 673, 682 (1998). The Supreme Court of Puerto Rico has stated that collective bargaining agreements that set forth an arbitration proceeding for employee disputes are binding contracts. *Id.; see also Junta De relaciones Del Trabajo v. Junta Administrativa Del Muelle Municipal De Ponce,* 122 P.R. Dec. 318, 1988 WL 580759 (1988). Thus, an unionized employee must follow the arbitration proceeding before filing a complaint in a court of law. *Velez Miranda,* 144 P.R. Dec. at 683.

Even[l] though the Supreme Court of Puerto Rico supports the use of the arbitration proceeding set forth in a collective bargaining agreement, it has established several exceptions, which permit employees to appear before a judicial forum without first seeking redress before an arbitration panel. The Supreme Court of Puerto Rico has recognized that the Regulations adopted by the Bureau of Conciliation and Arbitration do not permit the arbitration of some discrimination cases. *See Magali Medina Betancourt, et als. v. La Cruz Azul de P.R.,* 155 P.R. Dec. 735, 2001 WL 1617211 (2001); *Velez Miranda,* 144 P.R. Dec. at 686. Specifically, wrongful termination claims, which allege discrimination under the following statutes cannot be arbitrated: (1) Law No. 17 of April 22, 1988, 29 L.P.R.A. § 155 *et seq.,* (2) Law No. 100 of June 30, 1959, 29 L.P.R.A. § 146 *et seq.* and (3) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq. Id.*

■ Plaintiff presents two claims in his complaint: a wrongful termination claim under Law 80 and a discriminatory termination claim pursuant to several other statutes. While Plaintiff's discrimination claims were not arbitrable pursuant to prior rulings of the U.S. Supreme Court and the Supreme Court of Puerto Rico, Plaintiff's wrongful termination claim under Law 80 was arbitrable.

The CBA in place at the time of Plaintiff's termination mandated arbitration for

employee related disputes. Once Plaintiff's employment was terminated, Defendant complied with the CBA and initiated the arbitration proceeding for Plaintiff's wrongful termination claim under Law 80. For some reason, Plaintiff decided to remove his wrongful termination claim from arbitration and file the present complaint before this Court. When he did so, the Arbitrator dismissed with prejudice Plaintiff's wrongful termination claim.

The CBA is a binding contract and both the FAA and judicial precedent mandates that Plaintiff's wrongful termination claim be arbitrated before appearing before this Court. This Court cannot overturn the Arbitrator's decision to dismiss the case with prejudice because he applied the CBA and acted within the scope of his authority. Consequently, this Court lacks jurisdiction to entertain Plaintiff's Law 80 claim. Finally, Plaintiff failed to oppose the Government's motion to dismiss. Hence, any opposition and/or objection to the dismissal request is deemed waived pursuant to Local Civil Rule 7.1(b).

### CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendant's Motion for Dismissal of Plaintiff's wrongful termination claims under Law 80.

IT IS SO ORDERED.