**UNIÓN DE TRONQUISTAS DE PUERTO RICO, LOCAL 901, Plaintiff**

v.

**UNITED PARCEL SERVICE, INC., Defendant.**

**CIVIL NO. 15–1362 (GAG)**

United States District Court, D. Puerto Rico.

Signed March 2, 2016

Enrique R. Padro, Nicole Marie Rodriguez-Ugarte, Fiddler Gonzalez & Rodriguez, P.S.C., San Juan, PR, for Defendant.

## *OPINION AND ORDER*

GUSTAVO A. GELPI, United States District Judge

In this action, the plaintiff, Unión de Tronquistas de Puerto Rico, Local 901 ("the Union") seeks to vacate the Arbitration Award of February 25, 2015, which found that union member Luis Rodríguez-Puente ("Rodríguez") was dismissed for just cause. (Docket No. 6-1.) Presently

before the Court is the motion of the defendant, United Parcel Service, Inc. ("UPS") for summary judgment of the plaintiff's petition for review of the award. (Docket No. 9.) For the following reasons, the motion for summary judgment is **GRANTED.** The Court **AFFIRMS** the Arbitration Award.

## I. Relevant Factual and Procedural Background

Luis Rodríguez worked at UPS for nearly twenty-one years as a driver before he was dismissed on December 11, 2008. (Docket No. 6-2 at 2.) UPS terminated Rodríguez's employment after he violated Article 15, Section 1 of the Collective Bargaining Agreement ("CBA"), which prohibits an employee from causing an avoidable runaway accident. [1] Rodríguez filed a complaint before the Bureau of Conciliation and Arbitration of the Department of Labor challenging his dismissal. (Docket No. 6-1 at 3.) On February 25, 2015, Arbitrator Jorge Rivera Delgado issued his Award after conducting four hearings on July 9, 2012, May 1, 2013, June 17, 2013 and March 11, 2014. *Id.* He concluded that because Rodríguez caused an avoidable runaway accident, his dismissal was justified. (Docket No. 6-2 at 1, 12.) The Union now challenges the Award, arguing that the Arbitrator erroneously interpreted the facts presented at the hearings and ignored substantive law in reaching his conclusion. (Docket No. 6-1 at 7-10, 26.)

In the Arbitration Award, the arbitrator summarized the facts established at the

---

1. The relevant portion of the CBA reads as follows:

    The Employer shall not discharge nor suspend any employee without just cause, and prior to suspension shall give at least one verbal warning, one written warning notice, and one final written notice of the complaints against the employee to the em-

ployee, with a copy of the same to the Union and Delegate ... However, no verbal warning, written notice or suspension need to be given to any employee before he is discharged or suspended, if during the work day such employee is ... involved in ... an avoidable runaway accident ...

(Docket No. 9-3 at 13.)

hearings. (Docket No. 6–2 at 2–5.) On November 26, 2008, Rodríguez parked his UPS vehicle, a GMC Model P–500 truck, at the top of an inclined portion of the parking area at the Cristo Redentor Hospital in Guayama, Puerto Rico. (Docket No. 6–2 at 2–3.) The UPS truck slid down the incline and impacted two unoccupied vehicles that were parked in the lot at the bottom of the hill. *Id.* at 2. An eye-witness, Jorge Montañez, observed that "the truck was in first gear and had the emergency brake on." *Id.* Rodríguez had previously complained to a mechanic and UPS administration about the truck's faulty emergency brake, and noted on his Driver Vehicle Inspection Report ("DVIR") the day of the accident that "this vehicle requires safety related service on breaks and emergency break and steering wheel." *Id.* at 3. However, he did not inform his supervisor or the shift mechanic of these issues prior to taking the truck out. *Id.*

A police officer responded to the scene after the accident and interviewed the hospital security guard and the owners of the two vehicles that were struck. (Docket No. 6–2 at 3.) Rodríguez alerted his supervisor, took photographs of the scene, and completed an accident report. *Id.* at 4. Pursuant to the UPS investigation that ensued, Health and Safety Supervisor Mr. Altabán de Jesús interviewed Rodríguez, the mechanics supervisor, and one owner of a vehicle that was struck. *Id.* at 3–4. Additionally, the UPS mechanic examined the truck and determined that it was "in good operating conditions." *Id.* at 4. After finalizing the investigation, UPS concluded that Rodríguez did not take the necessary precautionary measures that would have prevented the accident because he failed to "make sure to put the vehicle in an appropriate area, put the emergency brake on with its appropriate adjustment, place the vehicle in its most heavy front gear, which is the first gear, and turn the wheels in the

appropriate direction, which in this case was to the right." *Id.* at 10. Rodríguez was dismissed pursuant to the investigation's conclusion that he caused an avoidable runaway accident. *Id.* at 4.

After four days of hearings, the arbitrator concluded that "[e]verything seems to indicate that the accident was due solely and exclusively to plaintiff's lack of care or precaution, who did not follow the complete procedure upon parking the UPS vehicle." (Docket No. 6–2 at 8.) The arbitrator stated that in the absence of any evidence absolving Rodríguez of fault, he was bound by the plain language of the CBA to uphold Rodríguez's dismissal. *Id.* at 11.

Now, in its request for review of the Arbitration Award, the Union challenges the arbitrator's findings of fact, contends that Rodríguez was denied due process of law, and argues that the arbitrator failed to resolve the issue of just cause in accordance with the law. (Docket No. 6-1 at 7-10; 11-12; 12-26.)

## II. Standard of Review

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq. (2010), an arbitration award may only be vacated on the grounds enumerated in § 10, and may only be modified or corrected on the grounds identified in § 11. *Hall Street Associates v. Mattel,* 552 U.S. 576, 581–82, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008). To vacate an arbitration award, the moving party must establish that the arbitrator engaged in fraud "partiality or corruption," or procedural misconduct prejudicing the rights of a party, or exceeded her powers. 9 U.S.C. § 10; *Colón Vázquez v. El San Juan Hotel & Casino,* 483 F.Supp.2d 147, 151 (D.P.R. 2007).

The First Circuit also recognizes a judicially-created basis for vacating an

award if the award was made in "manifest disregard of the law." *McCarthy v. Citigroup Global Mkts., Inc.,* 463 F.3d 87, 91 (1st Cir.2006). To prevail under this theory, there must be some evidence in the record, beyond the ultimate outcome, that the arbitrator "knew the law and expressly disregarded it." *Id.* at 91–92 (citations omitted). To vacate an arbitration award on this basis, the Union must demonstrate that the award conflicts with the plain language of the CBA or that the arbitrator "recognized the applicable law, but ignored it." *Union de Tronquistas de Puerto Rico, Local 901 v. United Parcel Serv., Inc.,* 960 F.Supp.2d 354, 358 (D.P.R.2013) (citations omitted).[2]

### III. Legal Analysis

The Union's challenges to the Arbitration Award are based on allegations that that the arbitrator failed to properly interpret the facts presented at the arbitration hearing and correctly apply Puerto Rico's Law 80. In its motion for summary judgment opposing vacateur, UPS argues that the Court may not review these arguments because it cannot interfere with the arbitrator's findings of fact or interpretation of the law. (Docket No. 9–1 at 8.)

■ A federal court's review of an arbitrator's decision is "extremely narrow and exceedingly deferential." *Airline Pilots Ass'n, Int'l v. Pan Am. Airways Corp.,* 405 F.3d 25, 30 (1st Cir.2005) (citations omitted); *United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 37–38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). Importantly, an arbitrator's factual or legal error does not supply a basis for vacating

the award. Even if an arbitrator commits serious error, the award must be confirmed if the arbitrator arguably applied the contract and acted within the scope of his authority. *E.g., Colón–Vázquez,* 483 F.Supp.2d at 152–53 (D.P.R.2007) (citations omitted); *Thomas Díaz, Inc. v. Colombina, S.A.,* 831 F.Supp.2d 528, 537 (D.P.R.2011) (upholding arbitration award because arbitrator's reasoning was "plausible and supported by the record, and his findings were founded on valid principles."); *Advest, Inc. v. McCarthy,* 914 F.2d 6, 8 (1st Cir.1990) (stating "even where [factual or legal error by an arbitrator] is painfully clear, courts are not authorized to reconsider the merits of arbitration awards") (citations omitted). Therefore, a district court cannot vacate an arbitration award because it disagrees with the arbitrator's findings on the merits of the case, or because it believes that the arbitrator made a factual or legal error. *Georgia–Pacific Corp. v. Local 27, United Paperworkers Intern. Union,* 864 F.2d 940, 944 (1st Cir.1988) (citing *United Paperworkers Intern. Union, AFL–CIO,* 484 U.S. at 36, 108 S.Ct. 364 (1987)). Additionally, an arbitrator's interpretation of a CBA must be confirmed if "within the four corners of the agreement, there is any plausible basis for that interpretation." *Coastal Oil of New England, Inc. v. Teamsters Local,* 134 F.3d 466, 469 (1st Cir.1998).

■ The Union's first argument, that the arbitrator erroneously interpreted the facts presented at the hearings, is clearly without merit because it is not a valid basis for vacating an arbitration award. It is well established that it is the arbitrator's responsibility to determine the weight, rel-

---

**2.** In *Hall Street Associates,* the Supreme Court cast doubt on whether manifest disregard of the law is an independent ground for review or merely judicial "shorthand" for the enumerated grounds in the FAA, holding that the FAA enumerates the exclusive grounds for

vacating an arbitration award. *Hall Street Associates,* 552 U.S. at 590, 128 S.Ct. 1396. Though the circuit courts are presently split on the issue, the First Circuit has not overruled the manifest disregard doctrine. *United Parcel Serv.,* 960 F.Supp.2d at 358.

evancy and credibility of evidence. The Court may not stand in the place of the arbitrator for this task, or substitute its own judgment because "the factual findings of the arbitrator are not subject to judicial challenge." *Georgia–Pacific Corp.*, 864 F.2d at 945. Therefore, the Court will not disrupt the arbitrator's conclusions regarding various facts that the Union argues were presented at the hearing, including defense attorney José Silva Cofresí's statement that "the truck was excellent," that Rodríguez used the emergency break, and that the DVIR was completed after the accident rather than before it. (Docket No. 6–1 at 9–10.)

■ The Union also contends that the Arbitration Award was not issued "in accordance with the law." (Docket No. 6–1 at 13.) Specifically, the Union argues that the Puerto Rico Wrongful Dismissal Statute, P.R. Laws Ann. Tit. 29 § 185a *et seq* ("Law 80") "does not favor dismissal as a sanction on the first offense" and that a pattern of repeated conduct on the part of the employee is necessary in order to support a finding that his termination was for just cause. *Id.* The Union posits that because the accident was Rodríguez's first offense, he should not have been dismissed prior to progressively severe disciplinary measures. *Id.* at 16. The Union essentially claims that the arbitrator's adherence to the terms of the CBA in lieu of this interpretation of Law 80 was improper. (Docket No. 6–1 at 15–26.)

Law 80 identifies several circumstances in which an employee's dismissal is justified. An employer must prove just cause for an employee's termination by demonstrating any of the following:

> (a) That the worker indulges in a pattern of improper or disorderly conduct;
> (b) the attitude of the employee of not performing his work in an efficient manner, or of doing it belatedly and

negligently or in violation of the standards of quality of the product produced or handled by the establishment; (c) the employee's repeated violations of the reasonable rules and regulations established for the operation of the establishment provided a full written copy thereof has been opportunely furnished to the employee; (d) full, temporarily or partial closing of the operations of the establishment. Provided, that in those cases in which the company has more than one office, factory, branch or plant, the full, temporary or partial closing of operations of any of these establishments shall constitute just cause for discharge pursuant to this section; (e) technological or reorganization changes as well as changes of style, design or the nature of the product made or handled by the establishment, and changes in the services rendered to the public; (f) reductions in employment made necessary by a reduction in the anticipated or prevailing volume of production, sales or profits at the time of the discharge.

Tit. 29 § 185b (a)-(f).

The Court cannot substitute its own interpretation of Law 80 for that of the arbitrator. When the parties bound themselves to the terms of the CBA, they agreed to resolve disputes through the arbitration process, granting the arbitrator the authority to make findings of fact and evaluate the law. *E.g., Ramos–Santiago v. United Parcel Serv.*, 524 F.3d 120, 123 (1st Cir.2008) (stating "[w]hen parties include an arbitration clause in their collective bargaining agreement, they are choosing to forego a number of legal options in favor of having their disputes regarding the construction of that contract settled by an arbitrator. As this was the bargain the parties struck, they are bound by the arbitrator's decision."). Because the arbitrator cited and considered the plain lan-

guage of Law 80 in the Arbitration Award, and it is plausible that he concluded Rodríguez's avoidable runaway accident amounted to performing the job "negligently or in violation of the standards of quality" established by UPS, there is no reason to believe that the arbitrator manifestly disregarded the law in reaching his decision. Consequently, the Union cannot now attempt to avail itself of another interpretation of either the facts or the law by this Court. Regardless of any error of law or fact, the Court must uphold the Arbitration Award in the absence of a showing that the arbitrator knew the applicable law and intentionally disregarded it.

In the Arbitration Award, the arbitrator referenced the relevant provisions of the CBA. (Docket No. 6–2 at 5–6.) The arbitrator explained that at the hearings, UPS successfully demonstrated that Rodríguez caused an avoidable runaway accident, which is ground for immediate discharge under the CBA. *Id.* at 7–8; 11–12. The arbitrator also noted that the Union did not present any evidence absolving Rodríguez of wrongdoing. *Id.* at 11. Interpreting the plain language of the CBA, the arbitrator explained that Article 15 calls for the summary dismissal of an employee who causes an avoidable runaway accident. *Id.* The arbitrator also interpreted Law 80 and Puerto Rico caselaw in concluding that UPS had just cause for terminating Rodríguez's employment because of the avoidable runaway accident. *Id.* at 8–10.

Although the Union casts the grounds for vacatur as manifest disregard of the law, it is actually complaining of factual and legal error. The Union challenges the arbitrator's rationale for his decision. However, the Union points to nothing in the record to establish that the arbitrator deliberately disregarded what he knew to be the law when he determined that Rodríguez was dismissed for good cause. Rath-er, the arbitrator relied upon case law, statutory language and the plain language of the CBA, as applied to the facts as he found them, and concluded that "UPS did not abuse its management authority or prerogatives upon dismissing Plaintiff" and that the dismissal of Rodríguez was justified. *Id.* at 12.

■ Additionally, the Union's contention that Rodríguez was denied due process is unfounded. The arbitrator noted that Rodríguez "had timely knowledge about the effectiveness and content of the applicable collective bargaining agreement and of the procedure or standard about how to park a UPS vehicle, that is: (1) put the gear shift "in first gear," since it is the strongest gear, (2) adjust the hand or emergency brake, and (3) turn the wheels towards the curb." (Docket No. 6–2 at 7.) The arbitrator also noted that the parties chose to govern their relationship with a CBA that stipulates, among other things, the procedure for resolving complaints and controversies and that UPS retained "the exclusive right to administrate its business," obligating the parties to "comply with what was expressly agreed upon and of the consequences that derive from the agreement . . ." *Id.* at 11.

It is evident from the Arbitration Award that the arbitrator considered the language of the CBA against the backdrop of Puerto Rico law and concluded that Rodríguez's dismissal was justified. Therefore, the Court shall make no determination as to the correctness of the arbitration award or whether it would have reached the same conclusion, instead finding that the arbitrator reasonably construed the pertinent clauses of the CBA. *See, e.g., United Paperworkers Int'l Union,* 484 U.S. at 38, 108 S.Ct. 364 (stating if the arbitrator is "even arguably construing or applying the contract and acting within the scope of his

authority" the court may not overturn the arbitrator's decision.).

## IV. Conclusion

In sum, the Court **GRANTS** the defendant's motion for summary judgment and **AFFIRMS** the Arbitration Award.

**SO ORDERED.**